|         |     |
|---------|-----|
| 11      | 439 |
| f120    | 50  |

## SEGUR ET AL. *vs.* SOREL ET UX.

APPEAL FROM THE PROBATE COURT FOR THE PARISH OF ST. MARY.

A sequestration may be ordered when the plaintiff sues for a *partition* of movable property, either in kind or by licitation, if he swears he *verily believes* the defendant will send the property out of the jurisdiction of the court.

The perishable nature of property furnishes no reason why it should not be sequestered. It may then be sold, and the proceeds deposited in court.

A sequestration should not be set aside, because the petition did not set forth the place of residence of the defendant. Such a defect of mere form, may by cured by amendment *instanter*.

WESTERN DIST.
*Sept.* 1837.

SEGUR ET AL.
*vs.*
SOREL ET UX.

When a partition in kind is shown to be impracticable, the probate judge may change his judgment, and order a sale, without even the formality of a new petition.

A tutor's authority to sue, and provoke a partition of the property coming to his pupil, is sufficiently shown, by exhibiting the order of a family meeting to that effect, and its homologation by the judge.

This is an action of partition, and for the sequestration of a crop of sugar, in the possession of the defendants.

The plaintiff, as the tutor of the minor son of the late Frederick Pellerin, brought this suit to sequester and divide the crop of sugar made on the paternal estate, in the year 1836, and also for the division of the proceeds of the previous crop, which he alleges, amounts to about twenty thousand dollars.    The defendant, Martial Sorel, is married to the daughter, and only remaining heir of said Pellerin.

The plaintiff further states, that the Probate Court for the parish of St. Mary, in November, 1836, ordered a partition of the said estate to be made in kind between these parties, but which cannot be executed, and that a sale is necessary.

He prays, that the crop of last year, yet on hand, be sequestered; that the judgment aforementioned be set aside, so far as it determines the manner of making the said partition ; that an inventory be made, and the property of said estate be sold at public auction, in order to effect a final partition of the proceeds, and that he be put in possession of one-half thereof, as the share of his pupil; and that the defendants be ordered to account and pay over one-half of the sugar crop sold by them, to wit : the sum of ten thousand dollars.   At the foot of the petition, he swears he *verily believes* the defendant will remove the sugar crop on hand out of the jurisdiction of the court, and prays for a writ of sequestration.

The defendant's counsel moved to set aside the writ of sequestration, on several grounds set forth.  He then excepted to answering the petition for certain reasons.

On the merits, the defendants plead a general denial, and denied specially the plaintiff's authority to sue as tutor, etc., as he had never been legally appointed.

They state they never had any objection to a legal partition, and that all they desire is a definitive partition, according to law; but that it would be more advantageous to let the property and estate remain as it is now, in partnership between the two heirs.

They state further, that the sugar sequestered is undivided, and one-half belongs to them, and must all be sold before division, and that they have done nothing but what they were authorized to do, as *negotiorum gestores*, and that they are able and ready to account.

They pray that the plaintiff's demand be rejected; but if this be refused, that a partition be made in the most beneficial manner, and according to law.

There was judgment sustaining the plaintiff's demand for a partition, but dismissing the sequestration. The defendants appealed.

*W. B. Lewis*, for the plaintiff.

1. The sequestration was properly issued, and ought not to have been set aside. *Code of Practice, articles* 269, 273, 274 *and* 275, *No.* 2.

2. The oath of plaintiff to obtain the sequestration is sufficient, the words "*verily believes*" being equivalent to "*fears*" and even stronger. *Code of Practice, article* 275, *No.* 2, *and* 276.

3. It was not necessary to give a bond to the wife of Sorel, as the sequestration was only made necessary by the acts of Sorel himself, who had actual possession of the sugar sequestered. *Code of Practice, loco citato.*

4. The want of setting out the domicil of defendants, was cured by the amended petition, which was properly allowed by the probate judge. *Code of Practice,* 491, 421. 2 *Martin, N. S.,* 625. 4 *Louisiana Reports,* 298.

5. This is neither an action of partition nor of nullity, properly so called, but only a contestation that arose before the notary, when attempting to make a partition that had already been legally decreed between the parties, and which might have been referred to the judge of probates by a

simple motion, *a fortiori,* it could be properly done by petition. *Louisiana Code, articles* 1290, 1258 *and* 1250.

6. Plaintiff was duly authorized to institute the suit for a partition, and. that authorization necessarily carried with it power to prosecute all other proceedings necessary to effect that object; and no such authorization is necessary in any case, except to sue for a partition. *Louisiana Code,* 1235. *Code of Practice,* 108, 109.

7. Lament Segur was legally appointed tutor, having paid the debt he owed the minor before the homologation of the recommendation of the family council to the under tutor, who was the proper person to receive it, there being yet no tutor. *Louisiana Code,* 322, *No.* 8, *also article* 301.

*Simon, contra.*

*T. H. Lewis,* for the plaintiff, in reply.

1. The tutor was bound to take an oath, and give bond and security *before* his letters of tutorship could be delivered to him, and the delivery of such letters constitute the appointment; and the tutor is *appointed by the judge,* not by the family council. *Louisiana Code,* 289, 332, 328.

2. Defendants having suffered a final judgment, decreeing a partition of the estates of F. Pellerin and wife, cannot now, on this collateral issue, dispute plaintiff's right to represent the minor Pellerin, as his tutor. That matter has already been decided, and forms *res judicata* against defendants.

*Bullard, J.,* delivered the opinion of the court.

The plaintiff as tutor of C. F. Pellerin, having obtained a judgment against his co-heirs, the defendant and his wife, for the partition of the succession of their father and mother, to be made in kind, and it appearing afterwards by the report of experts, that the partition could not be effected without a sale or licitation, applied by petition to the Court of Probates, reciting the preliminary judgment, and the impossibility of coming to a partition in nature, and praying a modification of the order, and that the same should be made by sale. He

further represents, that since the inception of the suit, a
crop of sugar has been made on the inception belonging to
those successions amounting to two hundred hogsheads, of
which one-half belongs to his pupil, and that Martial Sorel,
had, the year previously, sold a crop, amounting also to about
two hundred hogsheads, for twenty thousand dollars, of
which, one half belongs to his pupil.   He prays the seques-
tration of the crop on hand, and that the whole may be sold
in order to come to a partition, and that the defendant
account for one-half of the crop of the preceding year, with
interest.   At the foot of the petition, the tutor made oath,
that he *verily believes* that Mr. Sorel will send out of the
jurisdiction of the court, all the portion of sugar belonging
to C. F. Pellerin.   Therefore, a writ of sequestration was
ordered.

The defendant filed a written motion to set aside the
sequestration, on various grounds.

1st. That the writ was irregularly and illegally obtained
and issued, and not on any ground pointed out by the laws
of the state.

2d. That the oath taken by the plaintiff is insufficient.

3d. Because neither the oath nor the bond, specifies
sufficiently, the property to be sequestered, not showing the
number of hogsheads.

4th. Because the bond is made in favor of only one of the
defendants, but in favor of Sorel, who appears, in this suit,
only to assist his wife, who is one of the part owners.

5th. Because the plaintiff had no right to sequester the
whole crop, as one-half belongs to his wife.

6th. Because the objects sequestered are perishable, and
are daily diminishing in value.

7th. Because the plaintiff has no right to claim the
ownership of said crop, either as tutor or otherwise, before
satisfying, or paying, or at least offering to pay, all the
expenses incurred in making the same, which claims are
privileged and due to the defendants.

8th. Because the whole crop belongs to the defendants.

SEGUR ET AL.
vs.
SOREL ET UX.

A sequestration may be ordered when the plaintiff sues for a *partition* of movable property, either in kind or by licitation, if he swears he *verily believes* the defendant will send the property out of the jurisdiction of the court.

9th. Because generally all the proceedings had, in obtaining the sequestration, were illegal, irregular and void.

I. We are of opinion, that this is one of the cases in which a sequestration may be allowed, as a conservatory measure, according to the article 275 of the Code of Practice.

II. The code requires the party to swear that he *fears* the party in possession of movable property, in *dispute, will* send it out of the jurisdiction of the court. In this case he makes oath that he *verily believes* it. This appears to us even stronger than swearing to his fear or apprehension of some removal, and necessarily implies that the party apprehends it.

III. The amount of the crop was described to be about two hundred hogsheads, and this, in our opinion, was as explicit as could be expected, or ought to be required when the whole was exclusively under the control of the defendants.

IV. The bond is made in favor of the person, who, it is alleged, is about to remove the sugar, and is, in our opinion, sufficient.

V. It was manifestly impossible to sequester one undivided half of the crop. The plaintiff's pupil was entitled to one half of every hogshead.

The perishable nature of property furnishes no reason why it should not be sequestered. It may then be sold and the proceeds deposited in court.

VI. The perishable nature of the object may be a good reason for having the whole sold and the proceeds deposited in court, but furnishes none why it should not be kept within the jurisdiction of the court.

VII. This ground has not been urged in argument, and is, in our opinion, wholly untenable, and the next is equally undeserving our attention, because it is contradicted by all the evidence in the case, and the admissions of the defendant himself.

On the last general ground, the court below, upon the authority of this court, in the case of *Leavenworth* vs. *Plunket, 7 Louisiana Reports,* 341, set aside the sequestration.

A sequestration should not be set aside because the petition did not set forth the place of resi-

This court in that case, said, that the petition for a sequestration was not an amendment to the original petition ; that it was in a manner wholly unconnected with it, setting up matter which had arisen posterior to the petition. But we

cannot assent to the conclusion to which the judge of pro-
bates come, that the sequestration ought to have been set
aside, because the petition did not set forth the place of resi-
dence of the defendants. Such a defect of mere form, might,
in our opinion, have been cured by amendment instanter; but
the code authorizes a writ of sequestration to issue, pending a
suit at the request of one of the parties. The parties appear
to us to have been before the court in the original proceeding,
in which a partition had already been ordered, and this con-
servatory measure is to be considered an incident to that case.

The matter had been referred to a notary to carry on the
operation, but the suit was still pending, and the judge might
decide upon questions arising in the further progress of the
partition, in a summary manner. We think the judge erred
in quashing the sequestration.

The defendant at the same time filed certain exceptions to
the petition, and the form of action which we proceed to
notice. 1st. That the petition does not state the residence
or domicil of the defendants, nor in what parish the succes-
sions in question were opened. 2d. Because the petition
being intended for an action of partition, does not state in
any manner what property belongs to said successions, nor
state what kind of property he seeks to partition. 3d. Because
the present suit which appears to be one of partition, is also
intended as an action of nullity against a judgment previously
rendered, and the petition does not state any legal grounds
of nullity. 4th. Because such actions are entirely distinct,
and cannot be cumulated. 5th. Because the plaintiff has
not been legally and duly authorized to bring the present
suit. 6th. Because the present suit has none of the requi-
sites of an action of partition.

In relation to the 1st and 2d exceptions, which regard the
insufficiency of the petition, we have already said that such
defects might be cured by an immediate amendment, to
which no new answer would be necessary, because no
new grounds or facts would be disclosed; accordingly an
amendment was allowed.

WESTERN DIST.
Sept. 1837.

SEGUR ET AL.
vs.
SOREL ET UX.

When a partition in kind is shown to be impracticable, the probate judge may change his judgment, and order a sale, without even the formality of a new petition.

3d and 4th. We cannot regard this as, in any sense of the word, an action to annul a previous judgment rendered between the parties in the same court. That judgment merely condemned the defendants to come to a division of property, which they held in common with the pupil of the plaintiff. It is true, it ordered the partition in kind, but we think that judgment does not prevent a *different* form of partition, if it be found impracticable to divide the property in nature. When in the progress of the notary, it was found by the report of experts, that a partition could not be effected in the manner first required by the parties, and ordered by the court, it became necessary for the court to decide upon the question, and it might have done so without the formality of a new petition. When either party requires a partition in kind, the judge cannot order a sale or licitation, until its necessity has been shown to his satisfaction. *La. Code*, 1259, 1260–61.

5th. The capacity and authorization of the plaintiff to institute this suit, is next contested, and it has been urged in argument, that the plaintiff was a debtor of the minor at the time of his appointment, and that he did not take the oath required by law, after his disability had been removed by the payment of the debt.

A tutor's authority to sue, and provoke a partition of the property coming to his pupil, is sufficiently shown by exhibiting the order of a family meeting to that effect, and its homologation by the judge.

Considering as we do, that this proceeding is nothing more than an incident to the original action of partition, and that according to the defendants' own allegation a final judgment has been pronounced, it appears to us, it is too late for him to contest the capacity of the plaintiff to sue. His authority, in our opinion, is sufficiently shown, by exhibiting the advice of a family meeting to that effect, and the homologation of it by the judge.

We concur in opinion with the judge of probates, that the judgment ordering a partition is merely preliminary, and the case is still open before the court, as to all questions which may arise in relation to the mutual claims of the parties, and collating, until the partition itself has been finally terminated. *Utile per in utile non vitiatur.* If one of the parties interested,

might have brought before the judge for decision, by simple motion, any question connected with the partition, *a fortiori* may be by petition.

The court did not, in our opinion, err, in ordering a sale for the purpose of effecting a partition; but the judgment must be reformed in regard to the sequestration.

It is, therefore, ordered, adjudged and. decreed, that the judgment of the Probate Court be affirmed, with costs; but that the sequestration be reinstated, and the case remanded for further proceedings, according to law.