## CRAWFORD, for the use &c. *v.* JONES.

*A party may proceed by a motion to dissolve, in case of a sequestration.* Per *Curiam:* A sequestration is a harsh remedy, and, if sued out without cause, the party whose property is unlawfully taken from him should have a summary redress.

APPEAL from the District Court of Avoyelles, *King,* J. *Bishop* and *Edelen,* for the appellant. *Taylor* and *Swayze,* for the defendant. The judgment of the court was pronounced by:

Rost, J: The plaintiff, alleging that he held a mortgage on a slave belonging to defendant, sued out a writ of sequestration, on the ground that he had reason to believe, and did believe, that the slave was about to be removed out of the State, before he could exercise his right of mortgage. The defendant moved to dissolve the sequestration on the ground, that the facts alleged in the petition were untrue, and that the plaintiff had no interest in the claim secured by the mortgage on the slave in his possession. Several witnesses were examined on behalf of the defendant, without opposition; and the judge, after hearing the evidence and the argument of counsel, dissolved the sequestration. The plaintiff has appealed. His counsel contends that motions to dissolve are unauthorised by law in cases of sequestration, and that the only way in which property sequestrated can be released is by giving bond, or by the judgment of the court on the merits.

Sequestration is a harsh remedy; and if it is sued out without a just cause, it is consonant with every principle of justice that the party whose property is unlawfully taken from him should have a summary redress. The former Supreme Court considered that he had. See the cases of *Vanwinckle* v. *Flecheaux,* 12 La: 150: *Segur* v. *Sorel,* 11 La. 443.

On the merits of the motion, the judge who tried the cause had a much better opportunity than we have to ascertain the credibility of witnesses, and we cannot say that he erred in giving faith to the testimony. The testimony fully supports the conclusion to which he came. Whether the other ground alleged could be entertained on a motion to dissolve, is a question which it is not necessary to determine:

Before the trial of the motion to dissolve, the plaintiff asked that a day be fixed in order to allow the defendant sufficient time to summon witnesses; the judge desired the plaintiff's counsel to fix any day during the term. The counsel having refused to do so, the judge had the case fixed in conformity with the general practice of the court. No affidavit having been made for a continuance, and no information having been given to the court that the plaintiff had any witnesses to summon, the motion was tried in its turn. The proceeding was in every respect regular, and the plaintiff has no just ground of complaint.

*Judgment affirmed.*