*CHISOLM ET AL. vs. SKILLMAN.*

APPEAL FROM THE COURT OF THE THIRD DISTRICT, THE JUDGE OF THE EIGHTH PRESIDING.

The under tutor is the proper person to maintain an action for the recovery of minors property, which was sold to satisfy the debts of the mother.

The minor who has reached the age of majority during the pending of the

action, may make himself a party, but the mother cannot supply the place of the under tutor.

This suit was brought in the name of the heirs of Doyle' assisted and represented by Chisolm, their under tutor, to recover two slaves in the possession of the defendant, which the latter had caused to be seized and sold, to satisfy a judgment he had obtained against the mother and tutrix, in her individual capacity. There was also a prayer for damages. The defendant excepted to the petition, on the ground that no action could be maintained in the name of a minor under tutorship; ——, the tutor, acting for the minor without making him a party.

The exception was overruled, an answer put into the merits, and the cause submitted to a jury. After the plaintiff had read his petition, and before the introduction of any testimony, the defendant required the written opinion of the court upon a question of law, *to wit*.—Can an under tutor commence and carry on suit in behalf of minors, to recover damages from any one not the tutor. The court decided that the question submitted had already been made and overruled in the defendant's exception. That the case was now before the jury, who were judges of the law as well as the evidence, and that in order to entitle the plaintiff to a verdict, he must shew his right to maintain the action. The jury found for the plaintiff, and the defendant prayed for a new trial upon the following grounds—1st, The court erred in overruling the defendant's exception to the competency of the plaintiff to institute the suit in the character of under tutor. 2d, Because the verdict of the jury is contrary to law, two of the minors, whose under tutor plaintiff represented himself to be, being over the age of puberty and not legally represented in the suit. A new trial was awarded, and a second verdict found for the plaintiff, but somewhat varying from the first.

The defendant prayed for a new trial, on the following

grounds : 1st. The verdict of the jury is erroneous, in finding any thing for the plaintiff for the two Doyles, over the age of puberty. 2d, The verdict of the jury is erroneous in fixing a value upon the slave, and finding that the defendant should pay a fixed sum as half her value. 3d, The verdict should have been in favour of the defendant, on account of a total want of authority in the plaintiff to maintain the suit. A new trial was again ordered, and at the ensuing term of the court, the plaintiff filed a supplemental petition, setting forth, " that doubts had arisen as to the propriety of prosecuting the suit in the name of the under tutor, and praying that the mother, as natural tutrix, and one of the minors, who was then of age, might be made real and nominal plaintiffs." The defendant opposed the filing of the amended petition on the grounds : 1st, Because amendments can only be asked for by parties who are legally in court. 2d, Because the right to dismiss is a legal right given to plaintiffs, but the law does not authorise a plaintiff to quit an action by substituting another in his place. 3d, Because the action being bad in its creation for want of a legal plaintiff, cannot afterwards legally be made good by substituting another and a new plaintiff.

The court permitted the plaintiff to file the petition upon payment of costs. There was a verdict and judgment for the plaintiff, and the defendant appealed.

*Turner* for appellant. *Harralson* for appellee.

*Porter J.* delivered the opinion of the court.

This action was commenced in the name of the under tutor of the heirs. The petition states that the defendant, to enforce a judgment against the mother and tutrix, had seized, sold, and by virtue of a purchase made by him at sheriff's sale, retained in his possession two slaves, one of which was the property of the father of the minors, and the other was community property between the father and tutrix. It concluded by a prayer for restitution of the property and damages.

The defendant filed an exception to the petition ; viz. : that the action could not be maintained in the name of the under tutor. The court overruled it, and on an answer being put in on the merits, the cause was submitted to a jury, who found for the plaintiffs. The verdict, however, was set aside, and a new trial granted. This new trial had nearly a similar result; the finding varied a little, but was substantially for the plaintiffs. The court granted another trial, but before it took place, certain proceedings were had, which it becomes necessary to state. They are very novel.

We cannot gather from the record, why the court granted the new trial. It could scarcely be, because the under tutor had not authority, after the judge had decided he was clothed with it : yet some presumption is created, that it was for this cause; for we find it always stated by the defendant, as one of his grounds for a new examination of the case. And though it may be true this was not the cause, and that he was unable to convince the court, it appears he succeeded in shaking the faith of the plaintiffs; for the next thing we find on the record, is a supplemental petition, in which it is stated, "that doubts having arisen whether the under tutor could carry on the suit," one of the heirs, who was then of age, and the mother, "claim to be made real and nominal plaintiffs;" and they were so made, on payment of costs up to the time they presented themselves.

The defendant, who had such strong objections to the suit being carried on by the under tutor, and who in his exception first filed, had asserted, that the tutrix should have commenced the action, seems to have been seized with an equally strong aversion to her, the moment she made herself a party, and he excepted to the change in the pleadings, on the following grounds :

First, That it was changing the nature of the action and party plaintiff, and substituting authorised persons to carry

T

Eastern District,
January 1831.

CHISOLM ET AT.
vs.
SKILLMAN.

on the same, in lieu of persons not authorised at the inception of the suit, to the great injury of the defendants.

Second, That the original action being totally without foundation for want of a plaintiff, there was nothing to amend by.

It is the duty (says our Code) of the under tutor, to act for the minors, whenever the interest of the minors is in opposition to the interests of the tutor. The question then is, was there such an opposition of interest in the present case? We think it is very clear there was. The property had been sold to pay the mother's debts. Title was set up under the sale, or in other words, under the mother. She was of course interested to defeat the action; for if judgment was rendered against the minors, her debt to Skillman remained satisfied, and she was furnished with an exception of *res judicata* against the claim of the minors, should they hereafter make a demand from her on account of this property. An exception which would prove a bar, if she legally represented them, unless they shewed the judgment had been obtained by fraud and collusion.

If any amendment was necessary, therefore, to the pleadings, there was, in our judgment, enough to amend by. The suit was properly and legally commenced in the name of the under tutor. and there was no error in permitting the minor, who had reached the age of majority during its pendency, making himself a party to the action, his right to do so, being incontrovertable. But there was error in permitting the tutrix to take the place of the under tutor, and for that cause the judgment must be reversed. We have great reluctance to yield to this objection, after so many trials on the merits, but it cannot be got over. If the judgment had been adverse to the minors, they might have set it aside on the ground, that their mother could not represent them where she was interested. That which might not be binding on them, cannot be binding on others. This differs from the case where a party

The under tutor is the proper person to maintain an action for the recovery of minor's property which was sold to satisfy the debts of the mother.

The minor who has reached the age of majority during the pendency of the action, may make himself a party, but the mother cannot supply the place of the under tutor.

voluntarily contracts with a person under age. Here the defendant objected to the mother becoming a party, and he did not voluntarily contest the case on the merits.

It is therefore ordered, adjudged, and decreed, that the judgment of the District Court be annulled, avoided, and reversed; and it is further ordered, adjudged, and decreed, that this case be remanded to said court, with directions to the judge, not to permit the mother and tutrix of the minor children, to be made a party to the suit; and it is further ordered and decreed, that the appellee pay the costs of this appeal.