PROCTOR
*vs.*
RICHARDSON
ET AL.

## PROCTOR *vs.* RICHARDSON ET AL.

### APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

In an action of jactitation of title, the defendant must either deny the slander, which would be a waiver of title, or admit the allegation and aver his readiness to bring suit. The court would, in such alternative, either proceed to investigate the facts of the slander, and give damages; or order suit to be brought.

But in this action the defendant may well set forth his title in his answer, and the court will at once proceed to adjudicate upon the respective titles, without a new suit.

But where there is no answer to an action for slander of title, the plaintiff cannot take a final judgment by default, without proving the facts alleged.

So, in an action for slander of title against the vendor, charging him with asserting that he intended to bring suit for the property, for the benefit of his minor children, in right of their deceased mother, the under tutor must be made a party defendant.

EASTERN DIST.
May, 1837.

PROCTOR
vs.
RICHARDSON
ET AL.

This is an action of slander, or jactitation of title. The pleadings and facts of the whole case are so fully set out in the opinion of the court delivered by judge Bullard, that it would be nugatory and tautology to make another statement of the case.

*Grymes* and *Mazureau*, for the plaintiff.

*Peirce, contra.*

*Bullard, J.,* delivered the opinion of the court.

The petition sets forth, that Reggio sold to Wood and Richardson certain tracts of land, in the parish of St. Bernard; that shortly afterwards Wood sold to his co-proprietor, Richardson, his undivided moiety of the land, with that of one hundred and fifty slaves, among whom were forty-four declared to have been purchased by them of Carter; that on the 25th June, 1822, Richardson sold and conveyed to the plaintiff his undivided share of the land, and on the 10th of April, following, he sold him the residue, together with fifty-eight slaves; that afterwards, in 1824, Richardson, Reggio, and the plaintiff, entered into a transaction, by which the plaintiff became substituted towards Reggio for the whole of the purchase money of the lands, and Richardson was discharged therefrom; that the plaintiff thereby acquired a good and lawful title to all the aforesaid lands and slaves, and was in the quiet possession and enjoyment of the same, but that Richardson had given out in speeches and otherwise, and proclaimed that his children, who are minors, have certain rights and claims to, and upon the said property, as heirs of their mother, in consequence of the former community of gains; that he has frequently requested said Richardson to desist from this slandering his title, or to bring a suit to establish the title of his children,

EASTERN DIST.
*May*, 1837.

PROCTOR
vs.
RICHARDSON
ET AL.
but that he will neither desist nor institute a suit. He therefore prays, that Richardson, as tutor of his children, may be decreed to set forth the title of his children, if any they have, and unless he produces a good title, that the plaintiff may be quieted in his, and the minor children be forever enjoined from setting up any claims or pretensions to the same; but if the court should decree that the said minor children have any title to the property, or any part thereof, he then prays that they be condemned to reimburse to him the purchase money, together with the value of the improvements made by him, and fifty thousand dollars damages for slandering his title.

No answer having been filed, a judgment by default was taken; and in due time made final; and the plaintiff was decreed to be the true and lawful owner of all the lands and slaves in question, and he was quieted in his title, possession and enjoyment, against the claims and pretensions of the minors, and they were perpetually enjoined from setting up any claim, demands and pretensions, and from disturbing, in any manner, the title, right or possession of said plaintiff.

The only testimony on which this judgment was pronounced, was the statement of a single witness, that Richardson informed him that it was his intention to claim for his children, the plantation and slaves referred to in the petition.

In an action of ljactitation of title, the defendant must either deny the slander, which would be a waiver of title, or admit the allegation, and aver his readiness to bring suit. The court would in such alternative either proceed to investigate the facts of the slander and give damages, or order suit to be brought.

It appears to us, this judgment is not justified, either by the pleadings or the evidence. Actions of this kind are of rare occurrence in our courts. In the case of Livingston *vs.* Heerman, this court had occasion to investigate the law which ought to govern the courts, in actions of slander of title. It was then the opinion of the court, that the defendant in such cases, should do one of two things : either deny the slander, which would amount to a waiver of title, or admit the allegation, and aver his readiness to bring suit. In the first alternative the court could proceed to investigate the fact of slander, and give damages ; in the second they would order suit to be brought. It was decided that the defendant might well set forth his title in his answer, and

that the court would proceed to adjudicate upon the relative titles, without the necessity of a new suit.   9 *Martin*, 656.

In the case now before the court, the judgment by default put the plaintiff on the proof of the facts alleged.  The defendant did not set forth the title or the grounds of the alleged pretensions of his children, and yet the court proceeded to enjoin them forever from setting up any title whatever to the property in question.  We are not prepared to say, that the mere assertion on the part of the father, that he intended to claim certain property for his children, furnishes sufficient grounds for a court to proceed upon, in cutting off all title or pretensions on the part of minors.  It might be, to make minors pay dearly for the jactitation of their tutors.

But in this case, we are of opinion, that, whatever may be the rights of the minors, and even admitting that they may be compelled by judicial authority to assert their title by suit, they are not properly represented in this case.  Their pretensions, as set forth in the petition, are adverse to their tutor; for if they were to sue the present plaintiff, their father, as his vendor, would be liable at once to be cited in warranty.  It is the duty of the under tutor to act for the minor, whenever the interest of the minor is in opposition to that of the tutor.  *Louisiana Code, article* 301.  The real defendants in interest are not, therefore, regularly before this court, nor can they be said to have slandered the title of the plaintiff.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be reversed and annulled; and that ours be for the defendant, with costs in both courts.

PROCTOR
*vs.*
RICHARDSON
ET AL.

But in this action the defendant may well set forth his title in his answer, and the court will at once proceed to adjudicate upon the respective titles, without a new suit.

But where there is no answer to an action for slander of title, the plaintiff cannot take a final judgment by default, without proving the facts alleged.

So, in an action for slander of title against the vendor, charging him with asserting that he intended to bring suit for the property, for the benefit of his minor children, in right of their deceased mother, the under tutor must be made a party defendant.