No. 240.—JAMES D. McENERY, Tutor, etc., v. WILLIAM H. LETCHFORD
Co. et al.

If the property of the minor has been seized by a judgment creditor of. the tutor in his
individual capacity as the tutor's individual property, the tutor is the proper party to
enjoin the sale thereof in behalf of the minor. If, however, the question of the validity
of the minor's title to the property becomes the subject of adjudication, then the under-
tutor is the proper party to bring the suit.

Where the title to property is ostensibly in the minors, a judgment creditor of the tutor in
his individual capacity can not maintain a seizure thereof on the ground that the tutor is
in possession, unless he allege that the title of the minors is simulated. In such a case
the judgment creditor must first resort to a revocatory action.

APPEAL from the Fourteenth Judicial. District Court, parish of
Ouachita. *W. J. Q. Baker*, Attorney at Law, Judge *ad hoc.*
*Isaiah Garrett*, for plaintiffs and appellees. *John Ray*, for defendants
and appellants.

HOWE, J. The plaintiff, as tutor of his minor children, enjoined the
sale of certain lands and immovables by destination thereto attached
upon the allegation that they were the property of the minors, but had
been seized under judgments in favor of the defendants against M. T.
Mason, James D. McEnery and S. Weil & Bro. We find it necessary
to consider but two points :

*First*—The defendants except to the right of the plaintiff, James D.
McEnery, to stand in judgment on the ground that the executions
enjoined in this case were issued against him personally, and that if
the property should be sold the funds would go to pay his debts, a fact
which creates in him an interest opposed to that of the minors and
makes it necessary that the under tutor should be a party plaintiff.
They cite in support of this view C. C. 301 ; 2 La. 146 ; 11 La. 189 ;
7 R. 169 ; 2 An. 960. The exception was overruled, and they filed a
general denial merely. The court *a qua* gave judgment perpetuating
the injunction and quieting the minors in their title and possession of
the property described in the petition. We think there is some force
in the exception, so far as the demand of the plaintiff that the minors
be quieted in their title is concerned. To do that we think it would be
more regular to require the under tutor to be present as a party, so
that the minors might be bound in case the defendants should be
successful.

But so far as the demand for an injunction against the seizures com-
plained of is concerned, we think in this case the tutor alone can stand
in judgment. It would be a vain thing, therefore, to dismiss or
remand when we perceive that the plaintiff is entitled to a part of the
relief prayed for, and such part will answer the purpose he has in
view. The minors, in this case, are in possession under a title
ostensibly valid and recorded in 1860. The defendants disregard this
title and proceed by direct seizure in 1867. They do not allege simula-

78

tion. Their answer is a general denial. There is not a whisper in the record against the good faith and reality of the minors' title and the fiduciary character of the possession of the plaintiff, their tutor. The record presents a bald case of seizure of what is ostensibly the property of the minors, without any revocatory action. It seems clear that under such circumstances the tutor, whom the law endows with the possession and charges with the administration of the minors' estate, has a right to enjoin such a seizure and compel the creditors to resort to a proper action.

*Second*—As already stated there was no charge of simulation in the pleadings, and it is not necessary to discuss alleged informalities in the minors' title. We think, on the merits, that the injunction should be perpetuated, but the question of title of the minors left open as the subject of a direct action if the same be deemed desirable.

It is therefore ordered that the judgment appealed from, so far as it perpetuates the injunction issued herein, with costs of the lower court, be affirmed, and in other respects reversed; and that appellee pay the costs of appeal.

Ludeling, C. J., recused