### No. 8140.

### EDWARD J. GAY vs. THOS. H. ELLIS.

33    249
48    416
49   1661

33    249
109   536

Defendant in an action for slander of title, by setting up title in himself, changes the suit into a petitory action, in which he becomes plaintiff, and he must succeed or fail on the strength of his own title, and not on the weakness of his adversary's.

Certificates of purchase from the Land-Office, made in accordance with law, operate an equitable severance of the land from the public domain and constitute sufficient evidence of title, when accompanied with possession, to form the basis of the prescription of ten years, against the holder of a patent issued subsequently to the acquisition of said prescription.

APPEAL from the Twentieth Judicial District Court, parish of Lafourche.  *Knoblock*, J.

---

*Barrow & Pope* for Plaintiff and Appellee:

First—Ellis, by answering to Gay's suit for slander of title, by setting up title to Secs. 92, 140, and 150 of T. 15, S. R. 16 E, changed the suit into a petitory action, in which he became plaintiff, and he must succeed or fail on the strength of his own title.  27 An. 307; Bidwell vs. Caveroc, 18 La. 103; 5 R 22; 24 An. 511.

Second—Gay holds by prescription of ten and twenty years, having a just title therefor, and possession for over twenty years, the greater part, if not the whole, being under cultivation,

(a) Prescription began to run on 2d October, when the certificate of entry was issued to Laforest, because Laforest could have maintained a petitory action for same. Worth vs. Bronson, 98 U. S. 121; Frisbee vs. Whitney, 9 Wal. 187; Lytle vs. Arkansas, 9 How. 314; Hennen's Digest, vol. 1, p. 1269, No. 1, and cases cited; Laidland vs. Landry, 12 An. 151.

(b) Actual possession of part of a tract of land, with a title to the whole, is possession of the whole, and corporeal possession of this is not necessary to continue same, but civil answers. 9 M. 43; 9 M. 174; 1 R. 159; 13 La. 286; C. C. (3404-5-6-53); 15 La. 566; 16 La. 10; 19 La. 251.

Third—Ellis acquired nothing from Laforest, the sale or transfer being on the condition that he had not previously sold, and there being no consideration.

Fourth—The patent issued to Townsend Ellis, under which Thomas H. Ellis claims, enures to the benefit of Gay. 4 An. 268, McGill vs. McGill; 4 R. 79; 14 An. 123; 22 How. 202; 16 An. 301; 3 How. 46; 21 How. 240.

### *E. A. O'Sullivan* for Defendant and Appellant:

The act of sale 28th March, 1856, did not convey title to sections 92 and 153.

When land certificate is transferred, the transfer should be recorded, to affect third persons.

A marshal selling property described in *one* act of sale, does not sell property belonging to same person described under another and subsequent act.

Marshal's deed without adducing in evidence the judgment to support the deed, is no evidence of title. 6 N. S. 462, 347; 3 L. 212; 4. L. 12; 22 An. 629.

The opinion of the Court was delivered by

FENNER, J. The plaintiff, alleging himself to be the owner of a certain sugar plantation, situated in the parish of Lafourche, and described in his petition, brought this suit against the defendant, charging slander of his title to a portion of the lands embraced in the plantation, and claimed the relief usual to such actions. The defendant answered and reconvened, setting up title in himself to certain lots, sufficiently described, for the purposes of this suit, as lots Nos. 92, 140, and 150; averring that Gay pretends to hold title to said lots and slanders the title of defendant, and holds and uses and prevents defendant from holding and using the said lots; and he prays to be quieted in his title to said lots and to be put in possession thereof, and for rents and damages.

It will be observed that defendant's claim is confined to lots Nos. 92, 140 and 150, and does not embrace No. 153; nor is the claim enlarged by annexing his title, which does embrace No. 153, since he may well confine his controversy to some of several tracts conveyed in the same title. Gay disclaims title to lots 140 and 150; and, therefore, nothing is involved except the title to lot No. 92.

Gay answers the reconventional demand, denying its allegations, reiterating those of his own petition, and pleading the prescription of ten and twenty years.

By his answer to the petition for slander of title, setting up title in himself, defendant changed the suit to a petitory action, in which he

became the plaintiff, and he must succeed or fail on the strength of his own title and not on the weakness of his adversary's.

18 La. 103; 5 R. 21; 21 An. 511; 27 An. 307.

Gay's title is traced back, through his authors, to a sale from Geo. W. Lee to Nelson & Donelson, passed on March 28th, 1856. By that act Lee sold to Nelson & Donelson "a certain sugar plantation, together with all the buildings and improvements thereon, known as the Acadia plantation, composed of "four specifically described tracts, and containing about two thousand acres. In the sale it was stipulated that "whereas, said vendor is not at the moment prepared to show title to the tract known as the Gibson place, said to contain 640 acres," certain arrangements were made to secure the perfecting of title, or in case of failure, to secure the vendees against loss.

Shortly thereafter, the purchasers, Nelson & Donelson, had a survey made of the place, the map of which is in the record, and it was then discovered that lots 92 and 153, though forming part of the sugar plantation, were still government land. On October 2d, 1856, one Laforest entered these sections with others, and obtained from the government the usual certificate of purchase, numbered 886.

On 21st of January, 1857, Laforest sold these sections to Geo. W. Lee, which act, however, was not recorded until August 16, 1877.

On 29th January, 1857, Lee conveyed these sections to Nelson & Donelson, and in the act it is declared that the said sections "form part of a plantation known as Acadia, which was purchased by Nelson & Donelson on March 28, 1856, and were supposed to pass by the sale aforesaid, but, on subsequent survey, were discovered to be vacant lands," &c. This act was duly recorded on the same day, January 29th, 1857.

From this it appears that Lee had sold to Nelson & Donelson the plantation of which these two lots actually formed a part. The title conveyed, so far as these two lots were concerned, was discovered to be deficient. Thereupon Lee acquired title to the lots in question and, in perfection of his original sale, conveyed it to his vendees. The effect of this was to make the original sale, by which he sold to them the whole plantation, a perfect title as to the whole.

The immediate title to the plaintiff Gay describes the property as it was described in the first sale from Lee to Nelson & Donelson of March 28, 1856, and refers to that act alone as the origin of titles. That act, however, was, on its face, translative of title to the whole Acadia plantation, and notwithstanding the defect of title existing at the time as to lots 92 and 153, it became a valid translation of title to those lots also by the retroactive effect of the subsequent proceedings above referred to.

Gay vs. Ellis.

To determine whether Gay and his authors held section 92 by title translative of property, it is only necessary to determine whether section 92 formed part of the Acadia sugar plantation; for whatever defects may exist in the subordinate descriptions of the tracts composing it, the plantation, as a whole, was undoubtedly conveyed. The evidence leaves no doubt that section 92 was situated in the very heart of the plantation, in near neighborhood to the sugar-house, running directly across the place, near the centre, and that nearly all, if not all, was cleared, enclosed and in cultivation at the date of the sale from Lee to Nelson & Donaldson, and to the present day. This appears from the maps offered in evidence, taken in connexion with the testimony of witnesses.

The possession by Gay and his authors from the date of Lee's sale to Nelson & Donelson is established, and is not controverted by any evidence suggesting even a doubt on the subject.

All the elements of the prescription pleaded by Gay are fully shown, and his plea must be sustained.

The defendant Ellis, having obtained from Laforest a transfer of the certificate No. 886, in 1877, presented it at the land office and obtained a patent for the land. He contends that the title remained in the State until the issuance of the patent, and that Gay and his authors could not prescribe against the State. Certificates of purchase from the proper Government officers, made in accordance with law and fairly obtained, operate as equitable severance of the lands from the public domain, and pass the lands so held into the domain of private property, making them the subjects of private contract, and are sufficient evidence of title to support a petitory action, and consequently to support prescriptive rights based thereon.

See authorities cited in Hennen's Digest, Public Lands III, (b), 3); 98 U. S. 121; 6 Wall. 187; 9 How. 314.

The patent cannot avail against prescription founded on possession under equitable title derived from the Government itself, and operating divestiture of the title of the Government, anterior to the date of the patent, and more than ten years prior to the institution of the suit.

Laidlaw vs. Landry, 12 An. 151.

LeBlanc vs. Lubrique, 14 An. 772.

Laforest vs. Downing, 16 An. 302.

For these reasons we think the plaintiff's plea of prescription should be sustained.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be affirmed at appellant's costs.