Dalton vs. Wickliffe.

## No. 8804.

### SUSAN DALTON VS. ROBT. C. WICKLIFFE.

In an action for slander of title the verity and sufficiency of plaintiff's title is not at issue. The action admits of three defenses: 1st, denial of plaintiff's possession; 2d, denial of the slander; 3d, admission of the slander. In the last case, if the admission of the slander be unaccompanied with averments of better title in defendant, the judgment shall be one ordering the latter to bring suit within delay fixed and establish his pretensions; but if the defendant accompany his admission with averments of his own title, the court may proceed to investigate said title in the same action, in which case defendant becomes the actor, with the *onus* on himself, and bound to succeed on the strength of his own title, and not on the weakness of his adversary's.

An *ex-parte* order of a court recognizing a party as testamentary heir of an absentee and putting him in possession as such, is not *res judicata* as to third persons, and may be collaterally questioned when offered as the title in virtue of which property is claimed and the rights of third persons sought to be disturbed. A party claiming as testamentary heir must find his rights in the will, and not in the *ex-parte* order of a court.

The will in this case, under which defendant was recognized and put in possession as testamentary heir, is a nullity on its face, being one by public nuncupative act, and containing no express mention that it was received, or dictated by the testator, or written down by the notary, all in the presence of the witnesses. Moreover, under the terms of the will itself, defendant is not testamentary heir, having been constituted such only on conditions which have never happened, and cannot, in the nature of things, ever happen now.

Defendant having thus failed to establish title in himself personally, or in any representative capacity of W. M. Dalton, his defense falls without the necessity of determining what would be the rights of Dalton or his legal representatives.

APPEAL from the Fifteenth District Court, Parish of West Feliciana. *Yoist*, J.

*Farrar & Montgomery* and *W. W. Leake* for Plaintiff and Appellee:

Courts have power, in their discretion, to determine whether a paper filed in a suit styled a peremptory exception shall be considered as an answer to the merits. 5 An. 41; 20 An. 428; 32 An. 613.

In an action for slander of title, the defendant, by setting title in himself to the property, stands in the position of a plaintiff in a petitory action, and must make out his case on the strength of his own title, and not on the weakness of his adversary's. 32 An. 613, 698; 33 An. 249.

A nuncupative will, by public act, must be dictated and written down by the notary as dictated, in the presence and hearing of the witnesses; it must show on its face that all the formalities prescribed by law have been strictly complied with, otherwise it will be declared null and void. 20 An. 202; R. C. C. 1578; 11 An. 108; 25 An. 85, 479, 663.

An *ex-parte* order of court recognizing one as heir of a deceased person, and putting her in possession of his succession, lacks the essential elements of the thing adjudged, and cannot be pleaded as *res adjudicata*. 25 An. 85; 34 An , Succession of Lampton.

One who has been in actual and undisturbed possession of real estate for a year and a day, can maintain an action against a mere intermeddler without title. C. P. 47; 32 An. 698.

*C. L. Fisher* and *R. K. Howell* for Defendant and Appellant:

The exception of no requisite possession in plaintiff should have been tried and sustained where ownership by prescription of thirty years is claimed; a possession of less than that time renders the party a naked possessor or trespasser, who cannot take advantage of any defects in the other party's title, which need only be apparently good and of date prior to such possession. 15 An. 76, 454. And this possession must be uninterrupted.

---
Dalton vs. Wickliffe.
---

Lessee cannot acquire title by prescription.

A slave, under the Code of 1825, was incapable of acquiring title to real property by possession or otherwise. C. C. 175. His or her possession was that of the master. Nor could a slave make any kind of a contract. C. C. 176.

Title taken by a curator of an absentee, in pursuance of an agreement between the vendor and absentee, is valid, although the curator may not have taken the oath and given bond.

The appointment of one, named universal heir, as provisional possessor of an estate of an absentee, cannot be attacked by a naked possessor, on the ground that the will is null in form, or its dispositions are without force and effect.

Being an administrator only of the estate, his appointment cannot be attacked collaterally. Appointment of an administrator of a succession cannot be attacked collaterally. 26 An. 595; 28 An. 807.

Citation of heirs and appointment of attorney for absent heirs not necessary in making appointment of provisional possessor of estate of an absentee.

---

The opinion of the Court was delivered by

FENNER, J.   This is an action for slander of title, otherwise termed a jactitation suit.

Plaintiff avers that she has had peaceable and undisturbed possession of the immovable property in controversy, as owner, for over thirty years, and that defendant, since December, 1880, has slandered her title, declaring himself to be the owner, causing her tenants to refuse to pay her rents, and otherwise injuring her.

Defendant filed exceptions to the effect: " 1st, that plaintiff has not that possession which is required to maintain this action; 2d, that defendant is the legal possessor and cannot be sued in this form of action."

These exceptions were referred to the merits, of which action of the court the defendant complains.   His complaint is unfounded.   The matter of the exception is obviously defensive to the merits and involving issues of fact on which the plaintiff would have been entitled to trial by jury.   Had the exceptions set up that the petition did not set forth such possession as is required to maintain the action, the case would be different.   Authorities quoted from 11 An. 174, and 14 An. 849, where separate trial of exceptions, such as those here presented, was had, in absence of objection, have no application.

Defendant then answered, reiterating the substance of his exceptions, admitting the slander of plaintiff's title, and setting up title in himself through Wm. M. Dalton, the nature of which will be hereafter stated.

Though not specifically regulated by our Codes, the nature, objects and requisites of the action of slander of title have been fully settled by our jurisprudence.

"The object of the action," said Judge Porter, "is to protect possession; to give it the same advantages when disturbed by slander,

as by actual intrusion ; to force the defamer to bring suit, and to throw the burthen on him of proving what he asserted." Livingston vs. Heerman, 9 Mart. 714.

The action admits of three responses : 1st, a denial of plaintiff's possession ; 2d, a denial of the slander ; 3d, an admission of the slander. In the last case, if he simply admits the slander, without setting up specific title in himself, the appropriate judgment is one ordering him to bring suit and establish his pretensions. Proctor vs. Richardson, 11 La. 188 ; Packwood vs. Dorsey, 4 An. 90.

But, if the defendant, after admitting the slander, avers a better title in himself, the court need not order a new suit, but may investigate and pass upon his title, in which case he assumes the position of actor, with the *onus* on himself, and dependent for success on the strength of his own title, and not on the weakness of his adversary's. Proctor vs. Richardson, 11 La. 188 ; Short vs. Methodist, 11 An. 174 ; Clarkston vs. Vincent, 32 An. 613 ; Gay vs. Ellis, 33 An. 249.

In the instant case, defendant relies on two defenses : 1st, denial of plaintiff's possession ; 2d, averment of better title in himself.

## I.

As to the fact of plaintiff's possession, it was not necessary for her, as claimed by defendant, to establish a possession thirty years, sufficient by itself to create prescriptive title. Her title is not at issue, except so far as it may be destroyed by the establishment of a better title in defendant. The evidence conclusively establishes that, for many years prior to December, 1880, she had occupied and possessed the property. *animo domini*, living thereon, paying taxes, leasing and collecting the rents, making improvements and exercising all powers of ownership, without disturbance from any source.

This is sufficient to maintain her suit, unless it be proved, as averred by defendant, that about the date above mentioned and prior to the institution of her suit, she had voluntarily relinquished her possession and acknowledged defendant's adverse right to possession and ownership.

On this point the testimony is directly in conflict. Considering that it has been weighed and determined in favor of plaintiff by the District Judge ; that she has continuously occupied the property, and that there has been no physical change of possession ; that she collected the rents up to January 1st, 1881 ; that, although her tenants had accepted a lease from defendant from that date, she had, thereafter, continued to demand the rent from them, and had actually brought suit therefor, which suit was tried contradictorily with defendant, who was

called in warranty, and was decided in her favor, we can find no warrant for disturbing the conclusion of the court *a qua* on this point.

In view of the above considerations, defendant's impressions and recollections of an oral interview with plaintiff, sincere as we know them to be, are not sufficient to establish such a perfect *aggregatio mentium* as would be necessary to support so important a transfer of valuable rights.

## II.

In support of his own title defendant claims that title was in one H. C. Hill, prior to December, 1866; that, at that date, Hill sold it to W. M. Dalton, who was, at that time, an absentee, and who was represented by John C. Nibling, judicially appointed as his curator, the title being accepted by said curator.

He further exhibits a certain judicial proceeding had in December, 1880, entitled, "In the matter of the absentee, Wm. M. Dalton," wherein the defendant presented a petition to the court, representing the continued absence of Dalton; that he had no children, parent, brother, sister or other near relative; that he had executed a will by public nuncupative act, wherein the defendant had been constituted and appointed sole heir and universal legatee; that he, defendant, was desirous of being put in provisional possession of his estate and of having an inventory and appraisement made thereof; and he, therefore, prayed that such inventory and appraisement be made; that, upon giving bond and security, he be placed in provisional possession of the estate, to enjoy the said property and exercise all the rights therein and therefrom arising accorded him by law. The will was produced and proved; the allegations of the petition were verified by *ex-parte* affidavits, and a judgment was rendered, recognizing defendant as sole heir and universal legatee, with seizin, and putting him in provisional possession. To this title of defendant the plaintiff opposes three objections, viz:

1. That the transfer from Hill to Nibling was inoperative because, although the latter was appointed curator, he never caused an inventory to be made, never qualified by taking oath or giving bond as required by law, which were conditions of his appointment imposed not only by the law, but by the express terms of the order itself.

2. That the will, by public nuncupative act under which defendant claims, is null and void for want of observance of the formalities prescribed by law, because express mention is not made that the will was received by the notary, dictated by the testator and written by the notary, as dictated—all in the presence of the witnesses, as required by Art. 1577, Rev. C. C.

· 3. That, under the terms of the will itself, the defendant was not constituted sole heir and universal legatee, except upon conditions which never happened and never can happen, and that he derives no interest whatever from the will, except as executor.

Waiving the first objection, we consider the two last fatal.

William M. Dalton, in whose right defendant claims, is an absentee, and not, in the eye of the law, a dead man. Defendant does not claim to be his curator.

The law recognizes the right of no other persons to be put in provisional possession of the estate of an absentee, except his presumptive or his testamentary heirs, or husband or wife. Except by the appointment of a curator, the decree of a court putting any other than the persons above mentioned in possession of the estate of an absentee, would be an absolute nullity for want of jurisdiction *ratione materiæ.*

Defendant does not pretend to be a presumptive heir. He claims to be the testamentary heir. He presents an order or judgment of court recognizing him as such. But such judgment is *ex parte* and has not the force of *res judicata.* It is well settled that judgments of this character may even be questioned collaterally, when offered as the title in virtue of which property is claimed and the rights of third persons sought to be disturbed. Sophie vs. Duplessis, 2 An. 724; Succession of Duplessis, 10 Rob. 193; Arston vs. Arston, 15 An. 137; Fuentes vs. Gaines, 25 An. 86.

The rights of defendant, as testamentary heir in provisional possession, certainly are not greater than if he claimed as testamentary heir under the will of a dead man.

We are bound to find his rights, if they exist, in the will and not in an *ex parte* order of a court.

· The will is clearly defective in the respects heretofore mentioned. There is entirely wanting therein any express mention that the will "was received" by the notary, or was "dictated by the testator," or "written by the notary" in the presence of the witnesses. C. C. 1578. These defects are fatal, under Art. 1595, as has been expressly held in a case entirely parallel. Devall vs. Palms, 20 An. 203.

· It is equally clear that defendant is not testamentary heir under the terms of Dalton's will. That will was executed in the days of slavery, and contained provisions for the emancipation of certain slaves. It was only on condition that his legal heirs should oppose the execution of those provisions that defendant was to become his instituted heir. That event, in the nature of things, can never happen. Defendant having failed to establish any title as testamentary heir, or otherwise, to the provisional possession of Dalton's estate, in whose right he

claims, we are under no necessity of determining what would be the rights of Wm. M. Dalton or his legal representatives.

We have found no necessity for stating the particular facts of this case, but they lead us to doubt that Dalton, if alive, would question the rights of plaintiff, and make us the more particular in requiring clear representative capacity in anyone who acts in his right.

Judgment affirmed.