(56 South. 303.)

No. 18,413.

## YOUNG v. TOWN OF MORGAN CITY.

(June 26, 1911. Rehearing Denied Oct. 16, 1911.)

*(Syllabus by the Court.)*

1. LIBEL AND SLANDER (§ 140*)—SLANDER OF TITLE—JACTITATION SUIT—OBJECT OF SUIT.

"The object of the action of slander of title, or the jactitation suit, was intended to protect possession; to give it the same advantages when disturbed by slander as by actual intrusion; to force the defamer to bring suit; and to throw the burden on him of proving what he asserted." Livingston v. Heerman, 9 Mart. (O. S.) 714; Proctor v. Richardson, 11 La. 188; Packwood v. Dorsey, 4 La. Ann. 90; Dalton v. Wickliffe, 35 La. Ann. 355; Poland v. Dreyfous, 48 La. Ann. 84, 18 South. 906; Patterson v. Landru, 112 La. 1074, 36 South. 857.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 397–401; Dec. Dig. § 140.*]

2. LIBEL AND SLANDER (§ 140*)—SLANDER OF TITLE—JACTITATION SUIT—TRIAL OF ISSUE OF TITLE.

"It does not try the issue of title, unless the defendant in his answer chooses to tender that issue." Livingston v. Heerman, 9 Mart. (O. S.) 715; McConnell v. Ory, 46 La. Ann. 567, 15 South. 424.

[Ed. Note.—For other cases, see Libel and Slander, Dec. Dig. § 140.*]

3. LIBEL AND SLANDER (§ 140*)—SLANDER OF TITLE — JACTITATION SUIT — POSSESSION OF PLAINTIFF.

"One may acquire possession of a thing, not only by himself, but also through others, who receive it for him." Civil Code, arts. 3436, 3437, 3438.

[Ed. Note.—For other cases, see Libel and Slander, Dec. Dig. § 140.*]

4. LIBEL AND SLANDER (§ 140*)—SLANDER OF TITLE—JACTITATION SUIT—JUDGMENT.

Defendant in a jactitation suit can be condemned by judgment of court to file suit against plaintiff, setting up his title to the property in controversy, but not within a limited time, under the penalty of being thereafter prohibited from filing such suit. Proctor v. Richardson, 11 La. 188; Packwood v. Dorsey, 4 La. Ann. 94.

[Ed. Note.—For other cases, see Libel and Slander, Dec. Dig. § 140.*]

5. NAVIGABLE WATERS (§ 43*) — RIPARIAN OWNERS—PUBLIC USE OF PROPERTY.

"The corporations of cities, towns, and other places may construct on the public places, in the beds of rivers, and on their banks all buildings and other works which may be necessary for public utility, for the mooring of vessels, and the discharge of their cargoes, within the extent of their respective limits." Revised Civil Code, art. 863; Revised Statutes, § 318.

[Ed. Note.—For other cases, see Navigable Waters, Cent. Dig. §§ 256–265; Dec. Dig. § 43.*]

*(Additional Syllabus by Editorial Staff.)*

6. PLEADING (§ 171*)—REPLICATION.

The court properly refused to permit a replication or amended petition after the answer to be filed; replications being unknown in the courts of Louisiana.

[Ed. Note.—For other cases, see Pleading, Dec. Dig. § 171.*]

Appeal from Twenty-Third Judicial District Court, Parish of St. Mary; Charles A. O'Niel, Judge.

Action by Mrs. M. M. Young against the Town of Morgan City. From a judgment for plaintiff, defendant appeals. Modified.

Borah & Himel and Charles L. Wise, for appellant. Foster, Milling, Brian & Saal, for appellee.

SOMMERVILLE, J. This is an action for slander of title, otherwise termed a jactitation suit.

Plaintiff claims to possess, as owner, section 11, township 16 S., range 12 E., parish of St. Mary, and she alleges that defendant has within the year past disturbed her in that possession, and has slandered her title by asserting title in itself to a small portion of said section.

Defendant answered by general denial, and specially denied possession by plaintiff to the fraction or portion of section 11 referred to.

[6] It also answered in the alternative that it is the owner in possession of the portion of land in controversy. Plaintiff filed a replication to defendant's answer, alleging title anew in herself, and asking that the suit be decreed to have been converted into a petitory action; but, on objection by defendant, the court refused to permit the replication, or amended petition, to be filed.

The ruling of the court, which was excepted to by plaintiff, was correct. Replications are unknown in our state courts.

The alternative allegation in defendant's answer, setting up title in itself, was subsequently abandoned by defendant, and all testimony and evidence on the question of title of defendant was objected to and ruled out. Defendant says in its brief:

"This alternative defense was abandoned, however, and the defendant made no effort to establish title, but, on the contrary, refused to go into the question of its ownership; therefore that question is not before the court."

[4] There was judgment in favor of plaintiff and against defendant, recognizing her to be in possession; defendant was enjoined from trespassing upon the property; and it was decreed that defendant must institute an action of revendication, or a petitory action, against plaintiff within 30 days after this judgment may become final, for the land which defendant might claim; and in default of suit being filed within 30 days defendant was prohibited, enjoined, and debarred from asserting title to the land.

"The power which is assumed in the decree appealed from of fixing the term of one month within which defendant is compelled to bring his suit, under the penalty of losing his right of action, is in direct conflict with the law of prescription." Packwood v. Dorsey, 4 La. Ann. 94; Proctor v. Richardson, 11 La. 188.

Defendant appeals, and plaintiff answers the appeal, asking that the judgment appealed from be amended by decreeing her to be the owner of the property, or, if the evidence be insufficient to declare upon the title, to affirm the judgment as to possession, and remand the case for further evidence on title, and to further amend the judgment by awarding her damages in the sum of $750. We shall affirm the judgment.

[1] The object of the action of slander of title, or the jactitation suit, says Judge Porter

—"was intended to protect possession; to give it the same advantages when disturbed by slander, as by actual intrusion; to force the defamer to bring suit; and to throw the burden on him of proving what he asserted." Livingston v. Heerman, 9 Mart. (O. S.) 714.

"The action admits of three responses: First, a denial of plaintiff's possession; second, a denial of the slander; third, an admission of the slander. In the last case, if he simply admits the slander, without setting up specific title in himself, the appropriate judgment is one ordering him to bring suit and establish his pretensions. Proctor v. Richardson, 11 La. 188; Packwood v. Dorsey, 4 La. Ann. 90." Dalton v. Wickliffe, 35 La. Ann. 355.

[2] "The action is derived from the Spanish law. It does not try the issue of title, unless the defendant in his answer chooses to tender that issue." Livingston v. Heerman, 9 Mart. (O. S.) 715.

"This action of jactitation does not ordinarily try titles to property. Its object is to quiet possession. It demands of defendant a disclaimer, or an avowal of the slander. If disclaimed, the purpose of the law is attained, and the suit ends. If the slander is admitted, then the defendant is ordered to bring suit to maintain his asserted title, and with that decree the jactitation suit terminates. If, however, the defendant sets up a better title in himself, that issue changes the character of the action. The whole object of the suit being to compel a disclaimer, or that defendant shall sue to establish the ownership he asserts, if defendant, in his defense, avers title, the court proceeds to determine that issue. It would be idle to order the defendant to institute another suit to establish title, when by his answer he tenders that issue." McConnell v. Ory, 46 La. Ann. 567, 15 South. 425.

"The suit for slander of title is brought by a party in possession and seeks to maintain it. The title and possession are averred, and the slander is alleged. The relief sought is that the defendant be ordered to bring suit to establish his pretensions, pay damages for the slander, and that the plaintiff be quieted in his possession. Possession is the issue made by plaintiff." Poland v. Dreyfous, 48 La. Ann. 84, 18 South. 907.

Frequently defendant in his answer sets up title in himself, thus making him the actor upon whom the burden of proof falls to sustain his claim, and the case is proceeded with, and a new suit is not ordered to be filed.

[3] This defendant in its answer makes a general denial, and therefore does not admit the slander; further answering, it specially denies that plaintiff is in possession. Under this last part of the answer, plaintiff must prove possession. In the case of Pat-

terson v. Landru, 112 La. 1074, 36 South 858, we held, in a suit for slander of title that:

"This is in reality a suit in slander of title, the basis of which must be possession by plaintiff."

Under these authorities, the plaintiff in order to have a standing in court, had to show that she was in possession of the property, and that she had been disturbed in that possession by defendant previous to the institution of the suit.

The evidence in the record sustains plaintiff's allegations. She is in actual possession of the property, exercising the rights of ownership, and defendant has disturbed her peaceful and quiet enjoyment of her property.

Defendant contends that the particular triangle of ground in controversy has been segregated from the balance of plaintiff's plantation and home by the sale by her of an intervening strip of property to a third party, and that her occupation of the larger portion of the plantation was not the occupation of the smaller, segregated part. If the parts had been slightly separated in the manner indicated, we think they were connected, we would hold that plaintiff actually possessed both pieces. She leased portions of the smaller piece to two or more tenants, and these tenants, by the terms of their leases, were filling up the low marsh places around their mills. When defendant offered evidence to prove the sale of the strip in question, objection was made thereto on the ground of irrelevancy, as the question of title was not being tried, and that objection was properly sustained.

"To be able to acquire possession of property, two distinct things are requisite: First, the intention of possessing as owner; second, the corporeal possession of the thing." Civil Code, art. 3436. "It is not necessary, however, that a person wishing to take possession of an estate should pass over every part of it; it is sufficient if he enters on and occupies a part of the land, provided it be with the intention of possessing all that is included within the boundaries." Civil Code, art. 3437. "One may acquire possession of a thing, not only by himself, but also through others who receive it for him. But in this case it is necessary that the person receiving the possession should have had intention of receiving for the other." Civil Code, art. 3438.

[5] On the question of the right of defendant to the use of the banks of the stream upon which this property is situated, the law is quite clear. Civil Code, art. 863; Revised Statutes, § 318; Charter of Brashear, now Morgan City (Act No. 99 [1871]) § 15; Town of Morgan City v. Dalton, 112 La. 22, 36 South. 208. The Town of Morgan City has the right to enter upon riparian property, within its limits, for the purpose of building wharves, etc., in aid of commerce; and, in issuing and making perpetual the injunction herein, the trial judge is not construed to have interfered with defendant going upon the land in the exercise of that right, but simply to have enjoined it from "trespassing upon said described property, or interfering with or disturbing the possession thereof" by plaintiff.

For these reasons, the judgment appealed from is amended to so restrict the injunction issued by the court a qua as to reserve to defendant all of its legal and charter rights in and upon said land, and to strike from the decree the limit of 30 days within which defendant might sue for the land, and the penalty for not filing said suit within the time mentioned. The right to lay out streets through and over said property is reserved for future consideration. In all other respects, the judgment is affirmed at appellant's cost.