## RUDD v. LAND CO., Inc.*

### No. 5385.

Court of Appeal of Louisiana. Second Circuit.

March 1, 1937.

*Rehearing denied April 1, 1937.

Chandler & Chandler, of Shreveport, for appellant.

Bryan E. Bush, of Shreveport, for appellee.

HAMITER, Judge.

In his petition plaintiff alleges that he is, and has been for more than one year preceding the filing of this suit, in the actual physical possession, as owner, of a certain tract of land located in section 18, township 18, range 16 of Caddo parish. He further alleges that:

"3. That W. M. Morgan, formerly a resident of Caddo Parish, Louisiana, but now deceased, caused to be recorded on the Conveyance Records of Caddo Parish, Louisiana in Book 203, page 526, a purported tax deed which said purported tax deed pretended to convey to the said W. M. Morgan some interest in and to said property, the nature and extent of said interest being incapable of ascertainment by your petitioner; that a certified copy of said tax deed is annexed hereto and is made a part hereof.

"4. That subsequent to the recordation of said purported tax deed, W. M. Morgan executed an instrument wherein he attempted to convey the property described in said purported tax deed (among other property) to the Land Company, Inc., said instrument having been recorded in Conveyance Book 310, page 412 of the records of Caddo·Parish, Louisiana, and a duly certified copy thereof being annexed hereto and made a part hereof.

"5. That the above named Corporation is slandering the title of your petitioner by claiming and asserting that it is the owner of a portion of the above described property or of an interest therein by virtue of the said purported tax deed and attempted act of transfer above described."

Plaintiff prays that the Land Co., Inc., be ordered to either disclaim any title whatsoever to said property, or to assert such rights as it may have thereto; and after due proceedings, that the inscription of defendant's pretended title, in so far as it pertains to the above property, be canceled from the conveyance records of Caddo parish.

Certified copies of the instruments referred to were annexed to the petition, as alleged.

Defendant first filed pleas of res judicata, estoppel, and prescription. By agreement of counsel, the last two named pleas were referred to the merits.

The plea of res judicata, founded on an alleged monition judgment, was argued and overruled. When defendant made application for a rehearing on the plea of res judicata plaintiff attacked, as being unconstitutional, the statutes of this state which authorize and provide for monition proceedings. A rehearing was denied by the court, and the plea of unconstitutionality was returned to the calendar without action.

An exception of no cause or right of action was then tendered by defendant. This' was overruled.

Answer was later filed, in which defendant admitted that it was a corporation, as alleged, but denied plaintiff's allegations of possession. In answering the above specifically quoted allegations of the petition, defendant averred as follows:

"3. Defendant admits that W. M. Morgan caused the original of the certified copy of the tax deed annexed to the plaintiff's petition to be recorded in the Conveyance Records of Caddo Parish, Louisiana, as therein alleged, but otherwise, denies said article.

"4. Defendant admits that W. M. Morgan transferred the property as shown in the deed annexed to the petition and as recorded in Conveyance Book 310, page 412 of the Recorder's Office of Caddo Parish, Louisiana, but otherwise denies said article.

"5. Article 5 of the petition is admitted, except as to the slander therein alleged, and defendant specially denies that certain acts referred to constitute slander in law or in fact."

Defendant prayed that plaintiff's demands be rejected at his cost.

The ultimate judgment of the district court, rendered after the case had been tried on its merits, was one rejecting plaintiff's demands at his cost. This appeal was then perfected by plaintiff.

The view which we take of the controversy on its merits, and hereafter express, makes unnecessary a consideration of the various pleas and exceptions filed by defendant and above enumerated.

The proceeding instituted by plaintiff has been correctly termed by his counsel as one in jactitation. It is alleged in the petition, as shown above, that plaintiff has enjoyed actual physical possession of the property as owner for more than one year, that defendant is slandering his title, and that the slander consists of defendant's asserted ownership of an interest in the property under the recorded tax deed and act of conveyance. These allegations, together with the prayer which is above quoted, are sufficient for stating a cause of action in a jactitation suit. The object and purpose of a proceeding of this character is to protect possession; to give it the same advantages when disturbed by slander as by actual intrusion; to force the defamer to prove what he asserts either in the same suit or in a new proceeding. Williams' Heirs v. Zengel, 117 La. 599, 42 So. 153. It does not present the issue of title unless the defendant tenders it in his answer. Siegel v. Helis et al., 172 So. 768, recently decided by the Supreme Court.

If a defendant in a jactitation suit sets up title in himself, he converts the proceedings into a petitory action, and the burden of making proof of his claim is imposed on him. Gay v. Ellis, 33 La. Ann. 249; Dalton v. Wickliffe, 35 La. Ann. 355.

It is our opinion that the defendant corporation herein has so converted this suit. In articles 3 and 4 of the answer, it admitted the recordation in the conveyance records of the offending tax deed and instrument. Article 5 thereof admits plaintiff's · accusation that defendant is "claiming and asserting that it is the owner of a portion of the above described property or of an interest therein by virtue of the said purported tax deed and attempted act of transfer above described." This admission is just as effective, with reference to the setting up or alleging title in defendant corporation, as affirmative averments respecting such title would have been. Plaintiff had already pleaded the title under which defendant was claiming, and it was

therefore unnecessary for that title to be specifically set forth in the answer. The admission referred to created the issue of ownership as to the interest in question, and sufficed to convert the action. If defendant had denied that it was asserting ownership of the property, which is not the case here, such denial would have amounted to a waiver of title and no petitory action would have resulted. The fact that defendant prayed only for the rejection of plaintiff's demands, and did not ask that he be recognized as the owner of the interest, has no effect on the matter.

It is true that defendant, in its answer, specifically denies that the acts referred to constitute slander of plaintiff's title. But this allegation is nothing more than a denial by it of plaintiff's legal conclusion that the instruments sought to be annulled are slanderous. The answer clearly discloses that defendant is asserting and claiming, by and through the recorded instruments, an interest in the land antagonistic to plaintiff's title; and defendant's differing with plaintiff regarding the legal significance of its asserted claim is of no moment or importance.

On the trial of the ·case, plaintiff offered testimony in support of his alleged possession of the property. This proof disclosed that his possession, which had been disputed by defendant, was ample and sufficient to justify the institution of a jactitation suit. Thus, the issue of possession passed from the case. Defendant's president then took the witness stand and testified that the Land Co., Inc., had not sold the undivided interest described in ·the tax deed and in the other instrument. At the conclusion of the testimony of that witness, defense counsel offered in evidence the petition and answer. The entire case was then closed.

The offering in evidence of plaintiff's petition carried with it an offering of the two deeds in question, for, according to the phraseology of the petition, certified copies of both were annexed to and made a part thereof. The tax deed provides in part:

"Be it known, That this day before me, W. H. Matthews, Dy. Clerk and Ex-Officio Dy. Recorder and Notary Public, in and for the said Parish, duly qualified came and appeared T. R. Hughes, Tax Collector for said Parish, acting herein· under and by virtue of the authority vest-

ed in him by the Constitution and Laws of the State of Louisiana, in such cases made and provided, who declared that he does by these presents sell, convey, and deliver unto W. M. Morgan, husband of Maud Newton the following described property assessed to L. S. Rudd upon the tableaux of taxes for said Parish of Caddo for the year 1925, to-wit:

"Und. 1/20 int. 201.78 acres, East 201.78 acres of Sec. 18 (18-16)."

This deed appears to be valid and regular in all respects. It shows that the undivided interest sold was assessed to plaintiff herein under the same description upon the tableau of taxes for 1925. The other instrument is in the form of an authentic act and recites the conveyance of the above-described undivided interest, and of other property, by W. M. Morgan to the ,Land Co., Inc., for a stated consideration. These offerings, together with the testimony of defendant's president, made out a prima facie case of ownership in defendant's favor. Its title emanated from plaintiff. The tax deed and the authentic act of conveyance are presumed to be valid and must be received in evidence and considered as prima facie valid sales. . Article 10, section 11, Louisiana Constitution of 1921; Civil Code, art. 2236.

On the establishment of such a case, a duty devolved upon plaintiff to attack defendant's title with proper and sufficient evidence. It was unnecessary for plaintiff to file a replication to the answer to permit the introduction of the required proof. Replications are unknown to our law. Young v. Town of Morgan City, 129 La. 339, 56 So. 303. He could have urged any objections of law or fact to defendant's title, that he so desired, without a special plea. Webre v. Christ, 130 La. 450, 58 So. 145. But no attack was made. The entire case was closed without plaintiff offering any evidence, except that relating to his possession. Under these circumstances, it must be held that defendant, or plaintiff in the converted action, has discharged the burden imposed on it.

As before stated, the judgment of the trial court rejected plaintiff's demands, as prayed for in defendant's answer. This appears to be the correct judgment in the case, and, accordingly, it is affirmed.