(43 South. 1003.)

No. 16,321.

SOUTH LOUISIANA LAND CO., Limited, v. RIGGS CYPRESS CO., Limited.

March 18, 1907. Rehearing Denied May 27, 1907.)

1. SLANDER—SLANDER OF TITLE TO PROPERTY—TRESPASS—INCIDENTAL TO ACTION IN JACTITATION—DISMISSAL—ACTION FOR TRESPASS WILL NOT BE REINSTATED.

The action for alleged damages from trespass was dismissed in the district court, and this court will not reinstate it for the reason that, in deciding the main action, it disposed of the incidental action of trespass.

2. SAME—EFFECT OF DISMISSAL.

Without proof of title and possession (that is the ground of the main action), an action for trespass cannot be maintained. The dismissal of the action for slander of title and jactitation—for want of possession of the property—carries with it the action as relates to trespass.

3. SAME—PERSONS ENTITLED TO SUE—PLAINTIFF NOT IN POSSESSION.

The action in jactitation could not be maintained by reason of the fact that plaintiff was not in possession.

119 LA.—7

4. SAME—PRAYER FOR GENERAL RELIEF—CHANGE OF FORM OF ACTION—NATURE OF ACTION NOT CHANGED.

The prayer for general relief will not supply needful plea on the part of plaintiff to have its action considered as petitory, instead of the action of jactitation originally brought.

5. SAME—PLEADING—EXCEPTION OF WANT OF POSSESSION — WAIVER — DEFENDANT'S PLEA OF WANT OF POSSESSION.

Defendant filed an exception on the ground of want of possession and reiterated that ground.

6. SAME—RIGHT RESERVED IN PLEADING.

In his answer he reserved all points previously pleaded.

7. SAME—TITLE SET FORTH BY DEFENDANT IN THE ALTERNATIVE.

In view of reservation made, defendant did not thereby waive its exception.

8. SAME—CHANGE OF FORM OF ACTION—ACTION NOT PETITORY.

Plaintiff answered defendant's answer (pleaded in replication) and alleged title. This answer could not have the effect of changing the action to the petitory.

9. SAME—NONSUIT.

The demand is dismissed.

(Syllabus by the Court.)

Appeal from Twenty-Third Judicial District Court, Parish of St. Mary; Albert Campbell Allen, Judge.

Action by the South Louisiana Land Company, Limited, against the Riggs Cypress Company, Limited. From a judgment for defendant, plaintiff appeals. Reversed and rendered.

Foster, Milling & Godchaux, for appellant. O'Niell & Alpha, for appellee.

BREAUX, C. J. Plaintiff's complaint was that the defendant company had slandered its title to swamp lands described in its petition, for which it claims damages in the sum of $5,000. Plaintiff also charged that the defendant has cut down cypress timber on these lands. The number of trees cut down plaintiff numbers as at least 1,000, equal to 1,500,000 feet of log measure, valued at $12 per thousand. That the defendant's act in thus cutting down the trees was a bald trespass on its part, for which plaintiff asks relief to the amount before mentioned.

Defendant appeared and objected to the jurisdiction of the court. The court maintained defendant's plea to the jurisdiction in so far as relates to the action of trespass, and overruled the plea to the jurisdiction as relates to the action of jactitation. The defendant then interposed another exception, upon the ground that plaintiff cumulated several actions into one, and averred that the land consisted of seven distinct tracts, three of which are situated in the parish of Iberia, and four in the parish of St. Martin. That the tracts are distinct and are situated apart one from the other a distance of from 1 to 18 miles. The suit was brought in the parish of St. Mary; the place of domicile of defendant being in that parish.

The defendant pleaded the grounds, each in the order named: (1) That plaintiff's petition is vague and indefinite and does not set forth a cause of action; (2) that plaintiff has never been in possession of any part of the tracts of land.

The court overruled the exception of cumulation, vagueness, and no cause of action, and referred the exception of want of possession in plaintiff to the merits of the cause.

Then came the answer of defendant reserving its exception and setting up, in substance, that, in the event the court should overrule the exception of want of possession, it pleaded its title to the land. Defendant pleaded in the alternative that, in the event that the court should fail to sustain the plea of want of possession, and should hold that plaintiff has possession of any of the tracts of land described in its petition sufficient to support the plea of jactitation, then that there be judgment in favor of respondent and against plaintiff, recognizing the respondent as owner of said lands.

Plaintiff then presented a motion for oyer to the court, setting forth that defendant had in its answer pleaded its title to the several tracts of land, and that thereby defendant became plaintiff in a petitory action; that it, by effect of its answer, being plaintiff in such an action, it was incumbent upon it to attach certain certified copies of notarial documents to its answer, and prayed accordingly for an order of oyer, commanding the Riggs Cypress Company, Limited, to produce the said documents.

Defendant, in its answer to this motion, denied plaintiff's right to require it to produce copies of deeds mentioned in respondent's answer, and stated that it had never assumed the position of plaintiff in a petitory action, and always persisted upon the right flowing from its possession of the land. It denied that plaintiff ever had the right to demand oyer.

The court, none the less, granted the prayer for oyer.

Plaintiff (the South Louisiana Land Company, Limited) then answered defendant's answer, and alleged grounds of defense against the defendant by way of replication. Plaintiff reiterated that, in so far as the Riggs Cypress Company, Limited, claimed ownership of certain lands, plaintiff (the South Louisiana Land Company, Limited), in the action of jactitation, had become defendant in a petitory action. In this instrument of replication, plaintiff, the said land company, sets up its title to the lands, and specially refers to its different deeds showing title.

The said company pleaded the prescriptions of one, two, and three years; while defendant, on the other hand, pleaded in the alternative that it had good title to all the lands claimed by plaintiff, that the title was translative of property, that it had the possession of the property in good faith over 30 years, and asks that its title be recognized.

We take up the issues for consideration and decision in the order brought up in the record.

Our learned brother of the district court expressed the opinion, in support of the decree he rendered, that plaintiff has not shown that he had possession of the land in question. Our views coincide with his.

The issue of possession having been referred to the merits by the court, in introducing evidence to prove possession, the parties went beyond the issue and proved up their respective titles. Defendant, it must be stated, proved up its title unwillingly, for counsel repeatedly urged the ground of exception of want of possession in plaintiff which it had filed. The evidence being before the court, our learned brother of the district court decided the issues on the merits.

We cannot agree with him in so far as he decided the cause on the merits.

Plaintiff's answer or replication and the prayer for general relief, to which the judge refers in his well-prepared opinion, were not sufficient as a basis to consider the issues as in case of a petitory action.

Plaintiff in argument, before the ruling had been made, invoked the general relief as giving right to the action. This view was sustained by the court.

To thus decide would be going beyond the scope of a prayer for general relief. A prayer for general relief does not authorize a change from one form of action to another. The action must stand or fall as originally brought. We must adhere to the rule which limits a plaintiff's right of action in a suit for slander of title to a plaintiff in possession. Possession on the part of plaintiff has always been required in order to enable one to sustain the action. Patterson v. Landru, 112 La. 1074, 36 South. 857.

We do not consider that defendant has waived his right to stand on his exception setting up plaintiff's want of possession. The following is quite pertinent: Defendant can "stand upon his possession and the rights and advantages flowing from it, and at the same time, in the alternative, set forth his own title." Ramos Lumber Co. v. Labarre, 116 La. 589, 40 South. 898. This is precisely the position of the defendant in the case here.

The right to sue for slander of title is conferred on the one in possession. If he is not in possession, he must fail. Dalton v. Wickliffe, 35 La. Ann. 355. Taking up the question of possession for decision, we find that plaintiff lays claim to possession on the ground that its agent, in the year 1903, found that Trellue & Co., defendant's author, had deadened trees on the land, and that upon inquiry he had discovered that these parties claimed the property. Plaintiff, not a great length of time after its possession, found that defendant had worked on the land. This agent for plaintiff, when he went to the place, was accompanied by a surveyor, who did nothing of any consequence towards establishing lines and taking actual possession. Plaintiff's agent and representatives of the defendant afterward met and discussed terms of compromise. Nothing, however, was done towards compromising. About this time the agent of plaintiff entered into an agreement with a man, who worked in the swamps (Angeloz), to have trees cut down and pulled from one of the tracts of land. To his surprise he soon discovered that the person employed by him, instead of working for him, was working for defendant or defendant's author. To it, this workman as a witness testified, he had always looked as the owner of the land.

This workman was thoroughly acquainted with the swamp and the owners of swamps in that part of the country.

R. D. Smith, one of the vendors in defendant's chain of title (Smith sold the property to defendant's author in 1896) was in possession at the time that he sold, and while he owned the land, he had it surveyed. His initials were cut on some of the trees to indicate the lines.

In accordance with an agreement entered into by Smith, with a workman who worked in the swamps, trees were floated from this land, and the stumpage paid for.

Defendant and its authors in title were in continuous possession. They were not trespassers, for defendant and its authors were in possession of a title to the land. As to the legality of this title, it is not for us to determine at this time.

"Having a title, the cutting down of wood which without one would only amount to a trespass must be regarded as an act of ownership and possession." Baker v. Towles, 11 La. 439.

There may be physical possession of swamp lands.

The value of the land is in the trees. To cut them down and take them away requires considerable preparation and the use of different appliances. It may be that the mere cutting down of a few trees is not possession. It is different where operations are carried on with a view of pulling a number of trees, and when at every returning season work is done. The sound of the woodman's axe is heard; the stir of the hands; the swamp boat going up and down the small streams; its resounding whistle heard—all go towards denoting possession.

Possession is a fact and each case depends upon its own facts. In this case the facts are with defendant.

Before concluding on this point, we will state that Gath, a witness, familiar with swamps, testified that defendant was generally known as the owner of the lands claimed by plaintiff, and that its possession was open and public.

Having arrived at the conclusion, after having carefully read the testimony, that the plaintiff was not in possession, there remains only one alternative for us; that is, to dismiss the action.

Preliminarily, the suit for damages arising from the alleged trespass, cumulated with plaintiff's demand in jactitation, was dismissed by the district court for want of jurisdiction. We agree with the court's decree dismissing plaintiff's demand based on trespass. Our reasons for agreeing with its decree are different from those of the district court.

These are our reasons on this branch of the case: The dismissal of the main action carries with it the incidental or subordinate action for the trespass alleged. The suit therefore was without a basis upon which to reinstate the previously dismissed demand for damages based on trespass.

The trite maxim, "sublato fundamento cadit opus," is pertinent.

Furthermore the action for trespass as well as for jactitation, was a real action: an action ad rem, and formed one demand.

If we were to reinstate the dismissed demand for damages, it would then be in its nature a personal demand or personal action, a change which we think should not be made.

Again, the action for trespass cannot be maintained for the reason that it would not be possible to prove title to the land, and without proof of title to the land, in the action as brought, it would not be possible to recover damages for the trespass alleged. If plaintiff has a right, it springs from the title.

Plaintiff's whole claim to the trees is grounded on trespass and on the title to the land. He makes no other claim.

Another obstacle presents itself to recovering judgment as relates to trespass averred. Defendant's bad faith is not shown and cannot be proven; the action of jactitation having been dismissed.

Defendant has been in possession for over a year. He is to be considered in good faith until the contrary appears. It cannot be made to appear in this action without proof of possession. Had plaintiff brought a peti-

tory action to test the title and for improvements, and had failed, in that action, on some technical ground, and his action had been dismissed, it would have resulted in a nonsuit as regards the improvements.

The defendant by its pleading having reserved "the right to have the issue raised by the exception of want of possession on the part of plaintiff decided, before considering the question of title," the whole demand must be dismissed. The issue cannot be decided piecemeal. One dismissal takes the whole case.

For reasons stated, it is ordered, adjudged, and decreed that the judgment appealed from is avoided, annulled, and reversed. It is further ordered, adjudged, and decreed that the action is dismissed as in case of nonsuit in both courts, at the cost of plaintiff and appellant in both courts.