SOMMERVILLE, J.
Plaintiffs allege: That they “own and openly possess” two irregular portions of land in Iberia parish, which the testimony in the record shows to be swamp lands. That defendant company “falsely and slanderously asserts title and lays claim to said property as its own.” That in view of the foregoing plaintiffs are desirous and entitled to have the titles to said lands adjudicated upon by this honorable court, and to have petitioners’ rights and titles to said land established by judgment of this court, and to be decreed owners thereof.
“Wherefore plaintiffs pray that the said Albert Hanson Lumber Company, Limited, be duly cited to answer this demand, and that after proceedings had according to law there be judgment in favor of plaintiffs and against defendant, adjudicating upon the title to said land and decreeing plaintiffs the owners thereof,” etc.
Defendant excepted on the ground that:
“Plaintiffs are not in possession of the property described in their petition, nor have they ever been in possession of the same; and that plaintiffs, not being in possession of said property, are not entitled to bring the action herein resorted to.”
It then asked- that the suit be dismissed.
[2] The exception was overruled; but it should have been sustained. The action propounded by plaintiffs in their petition cannot be classified in our law. Our learned brother was of the opinion that the suit was brought under authority of Act No. 38 of 1908, which is as follows:
“An act to authorize the institution of suits to establish title to real estate where none of the parties are in actual possession of the same.
“Section 1. Be it enacted by the General Assembly of the State of Louisiana. That in all cases where two or more persons lay claim to land by recorded title and where neither of said claimants are in the actual possession of the land so claimed; either of the claimants may bring suit against one or all the adverse claimants, and for that purpose may join one or more adverse claimants in the same suit as defendants, to have the titles to the land adjudicated upon by the court having jurisdiction of the property, and it shall not be necessary for the plaintiff to allege or prove possession in himself or the defendants, and this action shall be known as the action to establish • title to real estate, and the judge shall decide which of the claimants are the owners of the land in dispute, provided such judgment shall in no case be res *683 adjudicata as to persons not made parties to the suit.
“See. 2. Be it further enacted, etc. That this act shall in no wise be construed to alter, change or repeal the rules established by the Code of Practice as laid down in chapter 2, section 3, relative to possessory and petitory actions.” There is a typographical error in the line next to the last. It should read: “as laid down in chapter 3, sections one and two.”
[4] We are of the opinion that the petition was - not drawn under Act No. 38 of 1908. That act has reference solely to suits “when two or more persons lay claim to land by recorded title and where neither of said claimants are in actual possession of the land so claimed.” Here, plaintiffs aver that “they own and openly possess” the lands; and the testimony shows that defendant is in possession.
Plaintiffs argue that their allegation that they “openly possess” the lands is not an averment of actual possession, but simply that they have titles thereto. In their petition they set up ownership, give their source of title, and declare that they “openly possess” the lands. To openly possess is to possess in an open manner; publicly; not in private; without secrecy; by some word or act which is an open declaration to those in the neighborhood of the lands that they are exercising the rights of ownership. This allegation takes plaintiffs from under the provisions of Act No. 38. We said in Davidson v. McDonald et al., 126 La. 539, 52 South. 758:
“Plaintiff by alleging possession placed her suit outside of the provision of this act, and made it subject to the formalities provided in the Code of Practice.”
Plaintiffs proceed to argue that an admission during the trial that they were not in possession cures the defect just referred to. But they are met with the evidence showing that defendant is in possession. And this evidence corresponds with an allegation in plaintiffs’ petition, to the effect that defendant “falsely and slanderously asserts title and lays claim to said property as its own.” “To lay claim to” property is “to demand as a right or rightful possession.” Century. So when plaintiffs alleged that defendant asserted title to the lands, and laid claim to said property, as .its own, they knew that defendant was exercising the full rights of ownership. They cannot, for that reason, proceed under Act No. 38.
[3] They next argue that swamp lands cannot be in the actual possession of any one. We held to the contrary in South Louisiana Land Co. v. Riggs Cypress Co., 119 La. 193, 43 South. 1003:
“Possession is a fact, and each case depends upon its own facts. In this case the facts are with the defendant.”
See, also, Jones et al. v. Goss et al., 115 La. 927, 40 South. 357.
Defendant owns large tracts of swamp and timber lands, and it works them as may be convenient and necessary. It has been several years since it deadened and pulled timber in the swamps involved in this case; but it had them under surveilance, and it was publicly known as the owner thereof.
Another condition takes this case from under Act No. 38. The act, in terms, provides that “where two or more persons lay claim to land by recorded title,” etc. Plaintiffs undertook to prove, and proved, that defendant had no recorded title at the time this suit was instituted.
This suit was not brought under Act No. 38 of 1908. It partakes more nearly of a jactitation suit than any other. Defendant so considered it when it filed the exception on the ground of want of possession in plaintiffs, which exception was erroneously overruled. Plaintiffs so considered it themselves when they wrote to defendant July 7, 1909, as follows, concerning defendant’s claim of ownership of the land:
“Unless this claim be cleared up it would therefore be necessary that we file a slander of title suit against you for that reason.”
*685 And we are of tlie opinion that this is an action for slander of title, or a jactitation suit, because the sole allegation in the petition, after describing the lands and giving their own title, is:
“That nevertheless the Albert Hanson Lumber Company, Limited, a corporation duly chartered and domiciled and doing business in the parish of St. Mary, though well aware of the foregoing facts, falsely and slanderously asserts title and lays claim to said property as its own. That in view of the foregoing plaintiffs are desirous and entitled to have the titles to said lands adjudicated by this honorable court and to have petitioners’ rights and titles to said land established by judgment of this court, and to be decreed owners thereof.”
The petition is not drawn under any of the forms provided in the Code of Practice or under Act No. 88 of 1908, and it will be dismissed.
[1] We do not here further review the law in connection with jactitation suits or actions for slander of title, but make part hereof so much as may be applicable of our opinion handed down this day in the case of Mrs. M. M. Young v. Town of Morgan City (No. 18,413 of the docket) 129 La. 339, 56 South. 303.
It is therefore ordered, adjudged, and decreed that the judgment appealed from is annulled, avoided, and reversed. It is further ordered, adjudged, and decreed that there be judgment in favor of defendant, the Albert Hanson Lumber Company, Limited, and against plaintiffs, Michael W. McHugh et al., dismissing this suit, as in case of nonsuit, at plaintiffs’ cost in both courts.