PROVOSTY,<J.
A tract of woodland, containing 222 acres, and composed of the N. y2 and the S. E. % of section 41, township 8, range 11, parish of Iberville, was assessed, under that description, to its owner, estate of Millaudon, and was advertised, under the same description, to be sold at tax sale for nonpayment of the taxes thus assessed, and on June 2, 1906, was adjudicated at the tax sale, under the same description, to the plaintiff in this suit.
The defendant had bought one of the three quarter sections composing this tract, namely, the N. W. 14, along with other lands, in good faith, from J. E. Dunlap, in 1900, and in 1905 had caused some 200 trees to be deadened on it. He was cutting and removing timber from it in March, 1908, when the plaintiff, hearing of it, objected, and this led to the discovery on the part of plaintiff that the description in his tax deed was erroneous ; that, instead of reading N. y2 and S. E. %, it read S. y2 and N. E. %. He at once had the sheriff to make and record a new deed with the correct description.
The defendant then offered to redeem from the tax sale two of the three quarter sections, namely, the N. W. 14 and the S. E. 14, and made a tender in due form. Plaintiff declined to accept the tender, giving no reasons, and brought this suit in February, 1909, to recover possession of these two quarter sections and the value of the timber removed therefrom.
Defendant contends that a misdescription in a tax deed cannot be corrected; and that therefore plaintiff has no title to this N. W. 14, which was not included in the tax deed to him as originally made and recorded. The defendant can hardly be serious in this contention. Nothing can be plainer than that the purchaser at a tax sale is entitled to a deed to whatever has been adjudicated to him, and that, if the sheriff, by accident or design, makes a deed to something else, there is nothing for him to do but to correct himself. The case of Ramos v. Labarre, 116 La. 559-581, 40 South. 898, cited by the learned counsel, involved an attempt to bring property within a tax sale, which had not been embraced in it, which presents, of course, an entirely different proposition. Quoting the syllabus of the case:
“No part of it was included within the boundaries given in the assessment, the advertisement, the adjudication, or the sheriff’s deed of sale. Subsequent purchasers were without power or aulliority, by giving (as between themselves) additional boundaries to the land adjudicated at the tax sale, to give the tax sale a force and effect which the sale itself did not have.”
It is no doubt true, as contended, that “a purchaser claiming title under a forced sale of property must show that all formalities required by law have been strictly and faithfully complied with”; but the formalities here meant are those by which the title of the expropriated owner is to be divested (that is to say, those leading up to the adjudication), for it is the adjudication which divests the title. “The adjudication,” says article 690, O. P., “has, of itself alone, the effect of transferring to the purchaser all the rights and claims which the party in whose hands it was seized might have had to the thing adjudged.” Articles 692 and 693, O. P., require the sheriff to execute an act of sale in favor of the purchaser, and prescribe what the deed must contain, requiring it to mention, among other things, “the nature of the object sold, with a description of it.” And article 695 provides:
“This act of sale adds nothing to the force and effect of the adjudication, but is only intended to afford the proof of it. Consequently, if the sheriff has omitted any of the formalities above prescribed, the adjudication shall not be void on. that account, if it otherwise appear that it was made by virtue of a legal authority, and with all the forms requisite for its validity.”
The fact of the matter is that the plaintiff would be in no worse position if the sheriff’s deed had not been corrected, for the *1009 error in question is patent on the face of the tax proceedings, and could not be allowed to defeat the title which he acquired by the adjudication. This adjudication could be shown by parol evidence. Harvey v. Gulf States, 108 La. 550, 82 South. 475.
A county treasurer, having given an imperfect or informal tax deed which does not pass title, may, on his own motion, give a second deed correct in fact and regular in form. McCready v. Sexton, 29 Iowa, 356, 4 Am. Rep. 214.
Defendant next contends that his attempt at redemption was effective. It would have been so, if he had confined his offer to the part which he had the right to redeem, namely, the N. W. %. But he embraced in it the S. E. %, which he had no right to redeem.
Our reason for saying he had no right to redeem this S. E. i/4 is that he had no legal connection whatever with it. He did not have possession of it; and it was not included in the sale by Dunlap to him. Moreover, even if he had had some legal connection with it, such as might have served as a foundation for the right to redeem, the one year’s delay allowed by law for redemption had long expired, for this quarter section had been included in the description contained in the original, or incorrect, tax deed to plaintiff, and this tax deed had been recorded at the time of the tax sale, more than two years before the offer of redemption. Plaintiff was not bound to allow this S. E. 34 to be redeemed, and was therefore entirely justified in declining the tender.
The offer to pay a certain sum in redemption of two specified quarter sections cannot be made to serve as an offer to redeem one of the quarter sections. Non constat that the person making the offer would be willing to redeem only one, or would be willing to pay in redemption of only one the amount tendered. And the person to whom the offer is made is under no obligation to enter into explanations, or to give reasons, why he declines the tender, but has the perfect right to simply decline. Defendant’s offer of redemption may be said to have been conditional. The condition being that the plaintiff should also allow it to operate for the redemption of the S. E. i/j... In other words, in making it, the defendant practically said to the plaintiff: I have no right to redeem the S. E. i/4) but I have the right to redeem the N. W. 14. I propose to redeem both of the quarter sections, or none; and I now make you a tender for that purpose. It can hardly be necessary to say that the plaintiff was entirely justified in refusing such a tender. . He was, we repeat, in no way bound to allow the S. E. 1,4 to be redeemed.
Defendant is shown to have removed 113,-137 feet of timber, worth $4.50 per thousand. Eor this plaintiff is entitled to judgment. The learned trial judge allowed $760.-50. How he figured this out, we are not advised. The judgment having been reduced, the appellee will have to pay the costs of the appeal.
Against this claim for damages, the defendant pleads the prescription of one year. This prescription begins to run only from the time knowledge is had of the trespass. It is said that plaintiff acquired this knowledge in August, 1907, because he then visited this land, and cannot but have seen that there was a deadening of trees on it. He testifies, however, that he did not see these signs of the trespass, and that he had no knowledge of it before March, 1908, less than one year before the filing of the shit; and he is uncontradicted on that point.
The judgment appealed from is reduced to $509.21, and, as thus reduced, is affirmed; the plaintiff to pay the costs of the appeal.