No.——

**First Circuit**

---

**BLANCHARD**

v.

**ESTATE OF HY GARLAND**

---

(March 8, 1927. Opinion and Decree.)
(May 3, 1927. Rehearing Refused.)

*(Syllabus by the Editor)*

1. Louisiana Digest—Taxation—Par. 322—Registry—Par. 7.

In view of Act 170 of 1898, Section 53, a redemption of a tax title not re-

corded until several years later can have no effect against a third purchaser who purchased prior to the recordation of the redemption and after the time had passed in which to redeem the land under the tax title.

2. **Louisiana Digest—Taxation—Par. 275.**

Tax sales are under the law, legal proceedings in invitum, not based on consent or judicial process but dependent on what the assessors and tax collectors have done, and not what they may have intended to do.

3. **Louisiana Digest—Taxation—Par. 326**

A tax purchaser in possession under the tax title based on the assessment acquires the entire tract included in the adjudication; even such parts as may not have been particularly described but which are included in the general description of the thing sold.

4. **Louisiana Digest—Taxation—Par. 345— Possession—Par. 6.**

Marsh land is not susceptible to cultivation nor habitation; and, therefore, the owner can only exercise over it such possession as is practicable which, under present conditions, is to watch over it and pay taxes on it.

5. **Louisiana Digest—Taxation—Par. 325, 326.**

An area of 24 acres correctly described in a tax title is as much a part of the description of the property sold as the government subdivision.

6. **Louisiana Digest—Taxation—Par. 360.**

Act 140 of 1890, which authorized tax collectors to correct errors of description in assessments and tax title gives the purchaser of land previously sold at a tax sale a right to have the matter of description of the land against former owners corrected.

Appeal from the Parish of St. Mary. Hon. James D. Simon, Judge.

Action by C. A. Blanchard against Estate of Hy Garland and Emmet Alpha.

There was judgment for plaintiff and defendants appealed.

Judgment affirmed.

C. A. Blanchard, of Morgan City, in person, attorney for plaintiff, appellee.

R. L. Garland, of Opelousas, attorney for Estate of Henry L. Garland, defendant, appellant.

ELLIOTT, J. Action to correct alleged errors of description in tax title.

C. A. Blanchard alleged that Henry L. Garland was, on August 20, 1921, the owner of the E½ of the W½ of the W½ of the SE¼ of Sec. 2, T. 17, S. R. 9 E., containing 240 acres of land situated in the parish of St. Mary.

The plaintiff alleges that he is now the owner and possessor of said land by purchase at a tax sale made on June 23, 1923, for delinquent taxes due thereon assessed against Emmet Alpha for the year 1922. That said land was, at said time, recorded in the name of Emmet Alpha as owner thereof, in the conveyance records of the parish of St. Mary. That said Alpha was the owner of said land based on an assessment against Henry L. Garland on account of said land, for the year 1920, and by virtue of a tax sale from said Garland to said Alpha, based on said assessment, said tax sale bearing date March 20th, 1921.

That the tax title from Emmet Alpha to petitioner was recorded June 23rd, 1923, and that in favor of said Alpha from said Garland, on August 23, 1921, in the conveyance records of the parish of St. Mary.

Emmet Alpha made no appearance and judgment by default was entered and confirmed against him. The estate of Henry

L. Garland appeared and excepted to plaintiff's petition on the ground that it disclosed no cause or right of action. The exception was over-ruled and the estate then answered, admitting the tax sale to Emmet Alpha to the extent shown by the assessment and tax title; but alleged that it had been redeemed before the expiration of the time provided by law. The tax sale to plaintiff was also admitted to the same extent, but it is alleged that the assessment and tax title against Garland, as well as that against Alpha, calls for only 40 acres of said land, and the plaintiff has no right to alter said assessment and tax titles so as to include land belonging to the estate of Henry Garland which has not been assessed nor sold for taxes. The record shows that the widow and heirs of Henry L. Garland redeemed the tax sale made to Emmet Alpha by act of redemption executed April 15, 1922; but the act was not recorded in the conveyance records of St. Mary parish until July 30, 1925.

The claim of the widow and heirs of Garland to have paid the taxes on said land for the years 1923-4-5 is not good because not made until January 7, 1925; and what they did at that time, can have no effect, for the reason that the taxes had already been paid by Blanchard.

The land in question stood on record in the name of Henry L. Garland in the conveyance books of the parish of St. Mary at the time of said assessment against Garland, and tax sale from him to Emmet Alpha; and stood on record in the name of Emmet Alpha at the time of said assessment against Alpha, and tax title from him to Blanchard. The alleged redemption can therefore have no effect on plaintiff's title. Act 170 of 1898, Sec. 53, Becker et al vs. Dupuy, 161 La.

Defendants contend that a tax title cannot be corrected so as to include land not assessed nor adjudicated at the tax sale. That is correct.

Ramos Lbr. & Mfg. Co. vs. Labarre, 116 La. 559, pp. 580 and 581, 40 South. 898.

Guillory vs. Elms, 126 La. 560, 52 South. 767.

Roussel vs. Ry. Realty Co., 132 La. 379, 61 South. 409, 833.

Bowers vs. Anderson, 56 Miss. 597.

Keepfer vs. Force, 86 Ind. 81.

Nelson vs. Davis, 36 Ill. 265.

Cooley on Taxation, 2nd Ed., Chap. 15 XV, pp. 514.

Blackwell on Tax Titles, 5th Ed., Vol. 2, Sec. 1078, pp. 1036.

Ruling case law, Vol. 26, Sec. 370, pp. 421.

Tax sales are under the law, legal proceedings in invitum, not based on consent or judicial process, but dependent on what the assessors and tax collectors have done, and not what they may have intended to do.

But it is also well settled that a tax purchaser in possession under his tax title based on his assessment and failure to pay taxes, can show that although the description in the assessment and tax title may omit some parts of a tract of land, if the assessment and tax title as a whole includes and identifies the whole tract of land, as the tract owned by the tax debtor, and assessed and sold for taxes, the tax purchaser acquires under the assessment and adjudication the entire tract included in the adjudication;

even such parts as may not have been particularly described, but which is included in the general description of the thing sold.

Act 140 of 1890.

Geddes vs. Cunningham, 104 La. 306, 29 South. 138.

Muller vs. Mazerat, 109 La. 116, 33 South. 104.

In re Lockhart, 109 La. 740, 33 South. 753.

New Orleans Land Co. vs. Natl. Realty Co., 121 La. 200, 46 South. 208.

Gouaux vs. Beaullieu, 123 La. 684, 49 South. 285.

Weber's Heirs vs. Martinez, 125 La. 663, 51 South. 679.

In re Perrault's Est. 128 La. 453, 54 South. 939.

Bannetta vs. Busbey, 131 La. 681, 60 South. 76.

Newman vs. Gleason, 132 La. 561, 61 South. 620.

Pourcian vs. Angelloz, 134 La. 1006, pp. 1007, 64 South. 888.

Landry vs. McWilliams, 35 La.' 655, 65 South. 875.

Board of Com'rs vs. Concordia Land & Timber Co., 141 La. 247, 74 South. 921.

Hollingsworth vs. Schauland, 155 La. 825, 99 South. 613.

Robinson-Slagle Lbr. Co. vs. Ruby, 156 La. 179, 100 South. 965.

Pierson vs. Costell Land & Harbor Co., 159 La. 158, 105 South. 274.

The land in question is marsh land not susceptible to cultivation nor habitation. The owner can only exercise over it such possession as is practicable. About all that can be done in the way of possessing it under present conditions is to watch over it and pay taxes on it. See Arts 1924 and 2247.

The Supreme Court considered the question as to what acts are necessary in order to constitute possession of low swamps and marsh lands in:

Ranson vs. Long, 13 La. Ann. 523.

Barrow vs. Wilson, 38 La. Ann. 209.

Michel vs. Stream, 48 La. Ann. 341, pp. 346, etc., 19 South. 215.

Chamberlin vs. Abadie, 48 La. Ann. 587, 19 South. 574.

South La. Land Co. vs. Riggs Cypress Co., 119 La. 193, 43 South. 1003.

McHugh vs. Albert Hanson Lbr. Co., 129 La. 680, pp. 684, 56 South. 636.

According to plaintiff's testimony he has exercised over it as much possession as could be reasonably maintained under present conditions.

In such instances the possession of the former owners is ousted by that springing from the last title, and is by the title, vested in the title owner.

Carey vs. Cagney, 109 La. 77, 33 South. 89.

Ashley vs. Bradford, 109 La. 641, 33 South. 634.

Slattery vs. Kellum, 114 La. 282, 38 South. 170.

So the question is, does the assessment against Henry L. Garland and tax title from him to Emmet Alpha comprehend and include the tract of 240 acres that he owned at the time; or does it pass title to but 40 acres?

The E½ of the W½ and the W½ of the SE¼ of Sec. 2, T. 17, S. R. 9 E., are Government subdivisions, making together a tract of 240 acres.

The description in the assessment against Garland is as follows:

"Acres 240; E½ of W½ of SE¼ Sec. T 17 S. R 9 E, F. W. Marsh Class B; 240 acres, Value $400.00;" and the description in the tax title from Garland to Alpha follows that in the assessment.

The description in the assessment against Alpha is as follows:

"240 acres; E½ of W½ of SE¼, Sec. T. 17, S. R. 9 E; Fresh W. Marsh, Class B, 240 acres, value $720.00;" and the description in the tax title from Alpha to Blanchard follows that in the assessment.

The area, 240 acres, stated in the assessment against Garland and the tax title from him to Alpha is as much a part of the description of the property sold as the Government subdivision. The area named enters into the valuation of the property assessed as much as does the Government subdivision. And the tax title from Garland to Alpha is based on the area 240 acres, as much as it is on the Government subdivision. The same is true as regards the area 240 acres, stated in the assessment against Emmet Alpha, and the tax title from him to plaintiff.

The assessment against Garland, and the tax sale from him to Alpha reasonably identifies the land adjudicated to Alpha as the 240 acres belonging at the time to Garland. Garland owned the 240 acres of land and did not own any other land in the parish of St. Mary. The assessment against Alpha and tax sale to Blanchard reasonably identifies the land sold to Blanchard as the same that Alpha had acquired from Garland.

Act 140 of 1890 authorizes tax collectors to correct errors of description in assessments and tax titles as to lands comprehended in the adjudications.

In Pourciau vs. Angelloz, 134 La. 1006, pp. 1007, 64 South. 888, the Supreme Court held that a tax collector could correct a tax deed so as to conform in the matter of description with the land that had been adjudicated by him at a tax sale. Blanchard must therefore be held to have acquired by his title from Emmet Alpha the 240 acres of land which Alpha had acquired in the tax sale from Henry L. Garland; and Emmet Alpha must be held to have acquired under the assessment against and tax title from Garland the 240 acres of land which Garland owned, composing the tract above mentioned.

As for the exception, we think plaintiff had right and cause of action under the law 140 of 1890 for the purpose of correcting his tax title to the land, in the matter of description against former owners who dispute his right and title and claim ownership in themselves.

The judgment appealed from is correct.

Judgment affirmed, defendant and appellant to pay the costs in both courts.