Plaintiff instituted this suit and alleged that he was in possession, as owner, of two *Page 575 
contiguous tracts of land fronting on the left descending bank of Bayou Terre-aux-Boeufs in St. Bernard Parish, and that the defendants have slandered his title by not only asserting an interest therein, but by committing various acts of trespass thereon. His prayer is to be maintained and quieted in his alleged possession; that the defendants, their agents and representatives, be enjoined and prohibited from entering and trapping on said land, and that defendants be ordered, within a fixed period of time, either to disclaim or to assert title to the property, or to assert whatever rights either may claim therein. Damages and attorney's fees in the amount of $250 are also sought.
The lower court granted a temporary restraining order and issued a rule on defendants to show cause why a preliminary injunction should not issue.
Defendants, for answer, denied that plaintiff was the owner of the land, but on the contrary, specifically pleaded that respondent, Adam Nunez (whom we shall hereafter style "defendant") is its lawful owner. They then, in extenso, deraign defendant's title originating in the year 1924 and, by mesne conveyances, finally acquired by defendant on November 7, 1940. They further alleged that when their original author in title, Reggio Company, Inc., acquired the land in 1924, it immediately took possession thereof in good faith and that it and its successors in title, including defendant, have retained continuous, open and uninterrupted corporeal possession thereof as owners, respectively. They pleaded the prescription of ten years acquirendi causa under Article 3478 of the Revised Civil Code.
For written reasons assigned, the District Judge rendered judgment for the defendants, recalling the temporary restraining order and denying plaintiff the right of the injunctive process. Plaintiff has appealed.
The record shows that plaintiff's alleged possession as owner resides within two separate deeds, or acts of transfer, as follows:
(1) From the State of Louisiana, October 4, 1924, property described as "measuring 42 feet front on the both sides of B.T.A.B. (conceded to be Bayou Terre-aux-Boeufs), by a depth of 40 arpents bonded (bounded) above by the property of Jules Nunez, and on the lower line by the property of Seraphin Nunez"; and,
(2) From Mrs. Nellie Benasdoll Margo, November 14, 1927, property described as "measuring 126 feet front on the left descending side of Bayou Terre Boeufs by a depth of 40 arpents, bounded above by the property of Armes Nunez".
There ought not, and cannot, be any controversy over the well established fact that plaintiff, from the date of his first acquisition to the filing of this suit, occupied the residence situated on the front of the property, or that portion known as the "ridge" and skirting the bayou.
The record further shows that on September 24, 1940, plaintiff sold to the Delacroix Corporation all of that portion of the land previously acquired by him, by its full width, beginning at a point known and styled as Schooner's Canal, and extending in depth to the 40-arpent line, retaining only that portion lying towards the front, or Bayou Terre-aux-Boeufs. Hence, the only property involved in the present controversy is the property originally acquired by plaintiff fronting on Bayou Terre-aux-Boeufs, having a width of 168 feet and extending in depth to the Schooner's Canal.
At the outset, there can be no escape from the fact that plaintiff, on the respective dates of his purchases, acquired an outstanding legal and enforcible title to the property in question by a deed of transfer squarely meeting all legal requirements. The question, therefore, for our determination, is whether plaintiff's title to the land involved herein has been divested through a medium recognized by our law; that is, an adverse possession, by and in another legally sufficient to vest title in the latter through the prescription of ten years as is here pleaded.
Plaintiff contends that, having occupied the residence situated on the front portion of the property in question since 1925, and which is uncontradicted, such actual occupancy and possession of that portion of the land constitutes legal and constructive possession of the whole. With that principle of law we readily agree. Our courts and every legal principle advises us that, where the rightful and legal owner of a tract of land exercises actual possession of a portion thereof, he is in legal and constructive possession of the whole.
This principle of law is subject to the exception, however, that the legal and constructive *Page 576 
possession so recognized continues unimpaired only so long as there is not, in fact, an actual possession and occupancy by one claiming title either under Article 3478 of the Revised Civil Code, or of thirty years' continuous adverse possession under Article 3499. As stated by our Supreme Court, "the reason for the rule is that both cannot have constructive possession". Ernest Realty Company v. Hunter Company, 189 La. 379, 179 So. 460, 461. See, also, Jones et al. v. Goss et al., 115 La. 926, 40 So. 357, and Moore Planting Company v. Morgan's Louisiana Texas R.R. 
S.S. Company, 126 La. 840, 53 So. 22, and cases cited therein with approval. Also see 1 Ruling Case Law, sec. 14, page 701; 2 Corpus Juris, sec. 525, page 242; 2 Corpus Juris Secundum, Adverse Possession, § 194, page 799; Deputron v. Young,134 U.S. 241, 10 S.Ct. 539, 33 L.Ed. 923, 930.
The remaining question in this case is whether defendant's alleged possession of that portion of the land, title to which is claimed by him, is sufficient, under the calls of his title deed, to have constituted an adverse actual possession, thus resolving title in him under his prescriptive plea.
The record shows that the locality in which the property in question is situated comprises low, wet, marsh land, not susceptible of cultivation nor of permanent habitation, save that portion fronting on Bayou Terre-aux-Boeufs, and which serves as the bank, or ridge of the bayou. This ridge, or high land, slopes from the bayou towards the rear and extends an average depth of six hundred to one thousand feet. The homes of the residents of that locality are built upon this ridge, all fronting the bayou and skirting the road paralleling the stream. All of the land beyond the ridge or high lands is chiefly valuable as trapping grounds for fur-bearing animals that propagate and make their home there. It does not appear that any part of it has ever been fenced, or otherwise inclosed, though it is shown that the owners of the various lots knew and recognized the limits and boundaries of their adjoining properties. The land involved has some value as a hunting ground and its fringes can be utilized for cattle grazing.
In June, 1924, Reggio Company, Inc., acquired including the land here involved, all of the marsh land in that area, contemplating the organization of a private hunting club. By mesne conveyances, the entire marsh area was acquired by the Lake Amede Club and, in turn, sold to Anthony Molero. Upon the latter's acquisition, he had a survey made and the entire area was then subdivided into seventeen lots. This survey and subdivision shows the measurements of each lot to run from a point where the high land, or ridge, ends, or, in other words, where the marsh lands begin, and extending in the rear to the 40-arpent line, thus necessarily including all marsh land within the ridge and the Schooner's Canal, the property here in controversy. The lots therein were sold to various parties, lot No. 7, the one involved in this suit, being purchased on April 4, 1927, by Paul Nunez, and from whom defendant acquired, this on November 7, 1940. The record discloses that Paul Nunez, from the date of his acquisition on April 4, 1927, commenced actively and systematically to trap the land beginning with the 1927-1928 season and has continued each trapping season, or up to the time of his transfer to defendant on November 7, 1940. It is also shown that the defendant conducted similar trapping operations during the 1940-1941 season.
It is commonly known that the trapping of fur-bearing animals is only done during the two or three months forming the winter season. The trapping business so conducted by defendant and his author unmistakably imported an intention on their part, respectively, to thereby take and commence the real, actual possession of the land. These open and public acts of possession were accompanied by the payment of the State and Parish taxes annually levied and collected.
These acts of possession on the part of defendant and his author, as testified to by them, are fully substantiated by the testimony of a large number of the neighboring residents, each of whom had acquired his individual lot as a result of the original subdivision. All of these residents, including close relatives of the plaintiff, testify most forcibly respecting the affirmative acts of possession exercised by the defendant and his author in title, Paul Nunez, as opposed to the utter failure of plaintiff to have exercised, or to even attempt to exercise, any rights of possession, occupancy or ownership in respect to any portion of the marsh land extending from and beyond the ridge upon which plaintiff's home was located. These witnesses were all intimately acquainted with the property, *Page 577 
each trapped his individual lot and knew and respected each other's lines. Their testimony is specific and accurate with reference to the time and acts of possession exercised by defendant and his author. As was noted by the learned judge below, their sincere truthfulness impressed him, and more particularly when a number of them were shown to be close relatives of plaintiff, having no interest in the ultimate outcome of this suit.
Opposed to this proof we have the testimony of plaintiff, his wife and young son. They testified that the "two boys" had engaged in trapping a portion of the land in question. They further testified that the side lines of their property on the ridge were marked with a fence extending to the edge of the marsh and that the lines within the marsh were marked by sticks and bamboo poles; that within the rear of the high land and a portion of the marsh land, their cattle were allowed to graze.
Plaintiff, having prior constructive possession of the property, the burden of proof is upon the defendant to show the exact limits and nature of his possession of the portion of the property covered by the plaintiff's title, as well as to show that such possession was open, unequivocal and continuous for a period of more than ten years. It is well recognized that the owner of land can only exercise over it such possession as is practicable. That there may be physical possession of marsh land is not open to inquiry. The possession of marsh land contemplated by law is that which is commensurate with its nature, its chief value, and by the extent of operations conducted thereon which the character of the soil and surroundings may reasonably permit. It is axiomatic that possession is a fact and each case must rest upon its own peculiar circumstances. South Louisiana Land Company v. Riggs Cypress Company, 119 La. 193, 43 So. 1003; McHugh v. Albert Hanson Lumber Company, 129 La. 680, 684, 56 So. 636; Blanchard v. Estate of Garland, 6 La.App. 508; Buckley v. Dumond (Buckley v. Theriot), La.App., 156 So. 784; Buckley v. Theriot, La.App., 156 So. 790.
It is our opinion that the evidence submitted by the defendant unmistakably discharges and carries out that burden and that the evidence of actual adverse possession by him and his authors in title completely sustains the plea of prescription of ten years acquirendi causa. The defendant and his authors in title exercised, respectively, the possession required by law, accompanied by good faith, and under a title translative of property. The existence of these concurring conditions meets the requirements of law for one to acquire the ownership of an immovable by prescription acquirendi causa. Revised Civil Code, Articles 3451, 3474, 3478, 3479, 3480, 3483, 3486 and 3487. See, also, McCluskey v. Meraux Nunez, La.App., 186 So. 117.
The lower court, having decreed that defendant had exercised the required legal possession of the property in question, sustained defendant's plea of ten years' prescription acquirendi causa and dismissed plaintiff's suit. The judgment is correct.
For the reasons assigned, the judgment appealed from is affirmed at the cost of appellant.
Affirmed.