13 So.2d 860

ACOSTA v. NUNEZ et al.

No. 36672.

April 12, 1943.

Rehearing Denied May 25, 1943.

Brian & Brian, of New Orleans, for applicant.

Oliver S. Livaudais, of New Orleans, for respondents.

HIGGINS, Justice.

The plaintiff instituted a jactitation action against the defendants, alleging that he was the owner and in possession of a small tract of marsh or lowland and that the defendants were slandering his title and trespassing upon his property. He prayed for a restraining order and a rule nisi for a preliminary writ of injunction, to prevent trespassing pendente lite. The court entered an order accordingly.

The respondents, in their answer or return to the rule, denied that the plaintiff was the owner and in possession of the property and averred ownership in Adam

Nunez, deraigning title by mesne conveyance and pleading prescription of ten and thirty years. They prayed that the temporary restraining order be recalled and that the application for a preliminary injunction be denied, with reservation of the respondents' right to claim damages they might have suffered on account of the issuance of the temporary restraining order.

After the rule was heard, the trial court concluded from the testimony that the defendants had been in possession of the property for more than ten years and for that reason recalled the temporary restraining order and denied the injunction.

The plaintiff appealed devolutively and the Court of Appeal affirmed the judgment. 5 So.2d 574.

The plaintiff's application for a rehearing having been refused by the Court of Appeal, he applied to this Court for a writ of certiorari, complaining: (1) That the Court of Appeal had decided the case on the merits by holding that the judgment of the district court was correct in sustaining the plea of ten years' prescription acquirendi causa and dismissing the plaintiff's suit, whereas the merits of the action had not been passed upon by the district court and the trial judge had not sustained the plea of ten years' prescription and dismissed the suit, and (2) that the plaintiff's evidence was sufficient to show that he was in possession of the property and not the defendants. We granted the writ and the matter is now before us for review.

Counsel for the relator is correct in his statement that the trial judge confined his judgment on the rule nisi to the question of whether or not the plaintiff was in possession of the land, and having concluded that the evidence overwhelmingly preponderated in favor of the defendants showing that they were in possession of the land, recalled the temporary restraining order and denied the injunction. He did not sustain the plea of ten years' prescription nor dismiss the plaintiff's suit, as erroneously stated by the Court of Appeal.

The attorney for the respondents, in oral argument as well as in his brief, readily concedes that the case was not before the Court of Appeal on the merits and that the statements by the author of the opinion with reference to the merits of the action are obiter dicta and were made through inadvertence. Obviously, anything that the Court of Appeal might have stated with reference to the merits of the case, in its reasons for judgment, could not have the effect of dismissing the plaintiff's suit on the merits, because the decree of the Court of Appeal simply affirms the district court's judgment which in no way affects the merits of the case. In other words, the decree of the Court of Appeal is correct, but its reasons are in part faulty. The erroneous statements contained in the opinion of the Court of Appeal, being obiter dicta, are in no way binding upon the parties on the merits of the controversy and must de disregarded.

With reference to the factual issue of who was in possession of the property, the evidence amply supports the conclu-

sions of the trial court and the Court of Appeal that the defendants had been and were in possession of the property for several years. Under these circumstances, there is no error in the judgment complained of recalling the restraining order and denying the temporary injunction.

For the reasons assigned, the decree of the Court of Appeal affirming the judgment of the district court is affirmed at the relator's costs.

ODOM, J., absent.