'HALL, Judge.
Plaintiff prosecutes this appeal from two judgments, one of which maintained exceptions of prescription and no right or cause of action and dismissed his suit as to certain defendants, and the other which maintained similar exceptions and dismissed his suit as to the remaining defendant. The only reason two judgments were rendered is that the remaining defendant was represented by different counsel and filed separate, although entirely similar, exceptions.
Plaintiff filed this possessory action on November 7, 1961 against Hero Wall Co. Inc. to which action that corporation filed various exceptions, one of which disclosed that ITero Wall Co. Inc. did not own any property next to or adjacent to the property owned by plaintiff. These particular exceptions were never tried.
On October 16, 1964 plaintiff amended his petition alleging that the lands adjacent to the property owned by petitioner which is the subj ect matter of this suit were at one time owned by Hero Wall Co. Inc. but that that corporation had on April 1, 1955 sold some of the lands to other parties and that these parties should be made defendants in the cause. Plaintiff then prayed for judgment against Hero Wall Co. Inc. and the additional defendants to wit: Hero Lands Co., Numa C. Hero, Alvin Hero, Claire Hero Martin, George A. Hero, III, Fanella Hero Wall, Alfred O. Hero, Jr., Numa C. Hero, Jr., Alsue Corp., Ernest F. Burmas-ter, Ernest F. Burmaster, Jr., and Warren Burmaster.
The record does not disclose that any citation was issued to, or that any appearance was made by, any of the three Bur-masters.
Counsel for Hero Wall Co. Inc., Hero Lands Co., Numa C. Hero, Alvin Hero, Claire Hero Martin, George A. Hero, III, Fanella Hero Wall, Alfred O. Hero, Jr., and Numa C. Hero, Jr. (hereinafter, for convenience only, referred to collectively as the “Hero Interests”) filed exceptions of:
a) Prescription of one year under the provisions of LSA-C.C.P. Art. 3658(4) and LSA-C.C. Articles 3456 and 3536, as to all of the Hero Interests except Hero Wall Co. Inc.
b) No right or cause of action as to Piero Wall Co. Inc. and all of the other Hero Interests.
c) Non-joinder of an indispensable party viz. The Jefferson and Plaquemines Drainage District.
d) Alternatively, non-joinder of the Drainage District as a necessary party.
Counsel for The Alsue Corporation filed separate but similar exceptions.
Testimony was taken on the exceptions of prescription, no right of action, añd'non-j oinder.
On April 11, 1966 the Trial Judge rendered and signed a judgment maintaining *714 the exceptions of prescription and of no right and no cause of action filed on behalf of the Hero Interests and dismissing plaintiff’s suit as to them. On April 14, 1966 the Trial Judge rendered and signed a judgment maintaining similar exceptions filed on behalf of The Alsue Corporation and dismissing plaintiff’s suit as to that defendant. Plaintiff appealed from both judgments.
In his original petition plaintiff, after setting forth his title in order to prove the extent of his possession (see LSA-C.C.P. Art. 3661), alleged that as owner of said property he was desirous of filling the canal on the property but that he has been unable to do so “because of the disturbance and threats of the defendant, who claims that plaintiff has no right to close said canal.” tie further alleged that on one occasion he had enlisted the services of a contractor who went upon the property for the purpose of closing the canal but because of threatened action by agents of defendant, was unable to commence operations and that defendant continues to deny plaintiff’s right to close said canal even to the present time.
In his supplemental and amended petition plaintiff reiterated all of the allegations contained in his original petition, and, after making the additional parties defendant, alleged that all of them acting in person or through agents or employees have disturbed petitioner in the peaceable possession and use of his land.
The facts as disclosed by the record are as follows: During World War II the United States acquired a strip of land from Hero Wall Co. Inc. and others for the construction and cutting-in of a by-pass canal for better drainage of the ammunition dump in lower Algiers. The canal which the government cut-in on this strip of land extended from the Planters Canal to the Outfall Canal and became known as the “Planters By-Pass Canal.”
Prior to 1959 the United States Engineers built the “Algiers Alternate Intercoastal Canal” at a point between the ammunition dump and the Outfall Canal and since this waterway bisected the Planters By-Pass Canal rendering it useless for draining the ammunition dump the government decided to dispose of it as surplus property. However the record shows that although useless for draining the ammunition dump the ByPass Canal continued to serve the adjacent land owners for drainage.
On December 4, 1959 plaintiff purchased the strip of land occupied by the canal from the government.
Plaintiff set forth in his original petition a full description of the property so purchased by him. This description, quoted from his act of sale, contains the statement that the property was bought by plaintiff “subject to the right of Hero-Wall Company Inc.; the former owner of same, or its assigns, to use the existing roads, bridges and cut-in canals."
The record shows that the only disturbance in fact which plaintiff complains of happened sometime late in the year 1960, when plaintiff’s contractor attempted to fill the Planters By-Pass Canal. On this occasion Mr. Numa C. Hero as a commissioner of the Jefferson Plaquemine Drainage District protested and the contractor stopped the work.
None of the other defendants protested or interfered with the ontractor. Since the only incident alleged by plaintiff, or shown by the testimony, took place in 1960 it is clear to us that plaintiff’s suit as to this incident is barred by the prescription of one year provided in LSA-C.C.P. Art. 3658(4) as to all of those who were not made defendants until October 16, 1964, when plaintiff filed his amended petition.
However plaintiff’s counsel contends in his brief that:
“ * * * Mr. Numa C. Hero, Sr. * * * admitted that he notified petitioner that he did not want the canal closed, and even today was maintaining the position *715 that the canal could not be closed. * * * Mr. Hero’s testimony shows that he claims on behalf of himself, the corporation he represents, and his co-owners, a servitude of drainage, which prevents petitioner from filling the former Planters By-Pass Canal. He is claiming the servitude even today hence there is a continuing disturbance in law.
“Counsel for defendants, moreover, are admitting a disturbance in law, because in their exception of no cause or right of action defendants are claiming a servitude under the United States’ sale to petitioner. They are thus claiming a servitude under a recorded title, which brings the exception squarely under the provisions of Article 3659 of the Code of Procedure, and eliminates all question of prescription.”
Plaintiff’s title is set forth in paragraph 1 of his original petition. The servitudes imposed upon his property in favor of the lands of defendants are clearly expressed therein. Plaintiff’s possession is thus limited by the servitudes imposed by his own title. Defendants’ only claim or pretension is under the servitudes in plaintiff’s own title, and nowhere has plaintiff alleged or claimed any act or pretension on the part of defendants adverse to his limited possession (i. e. beyond the servitudes set forth in his title). (See Coleman v. Bradford, La.App., 23 So.2d 818 [certiorari denied]; Cutrer v. Spring, 4 So.2d 106; South Louisiana Land Co. Limited v. Riggs Cypress Co. Limited, 119 La. 193, 43 So. 1003.)
For these reasons plaintiff’s petition does not in our opinion set forth a cause or right of action against any of the defendants.
But plaintiff’s counsel contends that the rights of the adjacent owners “to use the existing roads, bridges and cut-in canals” are limited to those in existence at the time the sale by the government to him took place; that the extent and nature of the servitude depends upon evidence as to the actual existence of “cut-in canals” at that time.
Counsel loses sight of the fact that his own pleadings show that the canal which he desired to close and fill was the canal dug or “cut-in” by the government (the Planters By-Pass Canal).
The exceptions of non-joinder were not passed upon by the Trial Judge and there is no necessity for us to consider them.
For the foregoing reasons both judgments appealed from are affirmed; costs of appeal to be borne by plaintiff-appellant.
Affirmed.